SUMMERS, Justice.
James Walter Dick instituted this tort action against Lynch Phillips and his liability insurer, Southeastern Fire Insurance Company, to recover damages for personal injuries, medical expenses and the cost of automobile repairs, arising out of a sideswipe collision between Dick’s automobile with Phillips’ automobile. After trial by jury a verdict and judgment were rendered for defendant. On appeal to the Third Circuit the judgment was affirmed. We granted writs to review the judgment of the Court of Appeal because the reasons assigned by that court contained no findings of fact whatsoever. See 205 So.2d 766.
 Although it is true that we grant writs only on questions of law, it should be remembered that the law cannot be disassociated from facts, and its proper application in any given instance can only be as *371 certained by reference to the factual context in which it is sought to be applied. Court of Appeal opinions, therefore, must set forth the salient facts and the law as applied to those facts in order that this court may determine whether an error of law has been committed. La. Const, art. 7, § 11 (1921).
The collision in question occurred about 1 p. m. on June 21, 1964 on Interstate Highway 10 in Calcasieu Parish, near the western approach to the Calcasieu River Bridge. At this point, Interstate 10 is a multilane highway with two eastbound lanes and two westbound lanes separated by a neutral ground or strip. Plaintiff Dick was driving his 1963 Volkswagen in an easterly direction in his right-hand lane, or the southernmost of the two eastbound lanes, following the 1957 Pontiac sedan being driven by Phillips. Dick was alone, while Phillips was accompanied by his wife and Mr. and Mrs. Shirley Soileau. A service road entered Interstate 10 ahead of the vehicles near the base of the bridge approach. Some distance before traffic reaches this road there is a “merging traffic” sign to warn eastbound traffic of its approach to the service road from which traffic merges into Interstate 10.
As these automobiles proceeded eastward somewhere in the vicinity of the “merging traffic” sign, traveling at about 50 or 55 miles per hour, Dick pulled his Volkswagen into the northernmost of the two eastbound lanes of travel to execute a passing maneuver and overtake the Phillips vehicle. Just at this time, when Dick was about to overtake Phillips, an automobile from the service road entered the southernmost lane-of Interstate 10 just ahead of the Phillips: vehicle. In an effort to avoid colliding with this vehicle, Phillips applied his-brakes gradually and cut sharply to the left into the north lane in which Dick was: traveling and was then in the act of overtaking him. As a result the Dick vehicle-sideswiped the Phillips vehicle very slightly and proceeded forward some distance-where it came to a halt. Phillips brought his vehicle to a stop behind the Dick automobile. The vehicle which had entered from the service road proceeded down the highway and has never been identified or located.
Phillips and his passengers descended from his vehicle and inquired of Dick if he-was injured. He told them he was not and they, in turn, advised him that they suffered no injuries. Phillips then flagged a motorist to notify the State Police. When: Officer Haman of the State Police arrived he brought them to the police station, took statements from the two drivers and dismissed them.
Dick, who was a railroad switch engine engineer, proceeded to work near Lake Charles. While on the job he experienced numbness in his fingers, hands and arms and therefore left his work about 3 o’clock *373 that afternoon to see Doctor Russell P. Harris, whose office was near Dick’s home 'in Maplewood.
The only witnesses to the collision were 'the plaintiff Dick, and the defendant Phillips, his wife and their two passengers Mr. and Mrs. Shirley Soileau. All versions of :the happenings are in harmony. We accept substantially all of the testimony of Phillips and Dick on the issue of the care and attention each accorded to the conditions prevailing immediately preceding, and at the time of, the collision.
Phillips testified on deposition in anticipation of the trial and at the trial before the jury. In substance, he stated that he did not observe the service road, or the vehicle entering from that road onto the highway until the vehicle loomed ahead of him virtually in his lane of travel. He tried to gradually slow his automobile and at the same time he cut sharply to his left into the adjoining lane. When he reached a point nearly midway in the adjoining lane, his car was sideswiped by the Volkswagen driven by Dick as it went by. Phillips also testified that he did not see the “merging traffic” sign- as he approached the service road. In fact, he testified that he did not know the meaning of the words “merging traffic”.
Under these circumstances, although the driver of the vehicle entering from 'the service road was undoubtedly negligent in entering Interstate 10, a favored way, and not observing the “yield” sign posted on the service road at the approach to the intersection, Phillips was also negligent in failing to maintain a proper lookout, by not heeding the “merging traffic” sign, or seeing the service road entry onto Interstate 10 or the unidentified vehicle approaching him on a collision course on that road. This negligent conduct was simultaneous with, and concurred with, the negligence of the driver of the unknown vehicle in causing the damage which resulted to Dick. Ruthardt v. Tennant, 252 La. 1041, 215 So.2d 805 (1968).
Although Phillips invokes the doctrine of sudden emergency to exculpate himself from a charge of negligence, the doctrine is not available to him. The rule of sudden emergency cannot be invoked by one who has brought that emergency on himself by his own wrong or who has not used due care to avoid it. The sudden emergency doctrine is applicable to the standard of conduct of a motorist after an emergency has arisen, it does not apply to lower the standard of care required of motorists before the emergency occurs. 2 Blashfield, Automobile Law and Practice § 102.28 (3rd ed. 1965). See also Noland v. Liberty Mutual Insurance Company, 232 La. 569, 94 So.2d 671 (1957).
We have experienced some difficulty in reaching a decision in this case and particular difficulty in reaching a decision on *375 the question of the contributory negligence of Dick. The problem is created by the apparent absence in the jurisprudence of cases dealing with “merging traffic” intersections on multilane highways. No cases have been cited dealing with the situation and we have found none. And, insofar as statutory law is concerned, the Louisiana Highway Regulatory Act, La.R. S. 32:1 et seq., does not seem to cover the duty of care imposed upon a motorist overtaking and passing on a multilane highway at a merging intersection. We think, however, that the problem can be resolved by analogy from the existing rules of the road and the general standards of driving conduct which they establish.
Dick testified that he was familiar with the locality and passed here almost daily on his way to and from work. In spite of this, however, he did not note or heed the “merging traffic” sign, nor did he look toward or observe the service road or the unidentified vehicle approaching thereon. Nothing obstructed Dick’s view of the service road which would have prevented him from seeing the road or the vehicle approaching thereon, except during the short interval when he was behind the larger Phillips car. But the testimony establishes that Dick was overtaking Phillips and the actual overtaking did not occur until at the time of or after passing the intersection. The impairment of Dick’s view, then, was at a time which could have no bearing upon the earlier action which would have been indicated if he had timely observed the vehicle approaching on the-service road. Had he timely observed that, the vehicle approaching on the service road would not yield the right of way to Phillips, it would have been incumbent on him to desist from the passing maneuver, slow his automobile and avoid the oncoming collision.
 Overtaking or passing is ordinarily prohibited at an intersection (La.R.S. 32:75, 32:76(2)), and we think that, if not prohibitive, passing at a merging traffic intersection should, at the very least, put the vehicle overtaking or passing on the alert to see that the maneuver can be accomplished in safety before proceeding. In any event, disregarding the “merging traffic” sign as Dick did on this occasion, and remaining completely unaware of the traffic approaching on the service road, appears to us to be far below the standard of care required upon our busy highways today. A contrary finding would amount to a holding that the “merging traffic” sign applies only to motorists in the right-hand lane and imposes no additional duty of caution on others — a result we cannot approve.
The principle that a following or passing motorist must maintain a proper lookout and keep his vehicle under such control as to enable him to cope with any *377 danger which should reasonably have been anticipated, which we apply to Dick here, has been applied on many occasions by the appellate courts of this state. See Self v. State Farm Mutual Automobile Insurance Company, 183 So.2d 68 (La.App.1966); Vander v. New York Fire and Marine Underwriters, Inc., 192 So.2d 635 (La.App.1966); Ray v. State Farm Mutual Automobile Insurance Company, 152 So.2d 566 (La.App.1963); Vienne v. Chalona, 28 So.2d 154 (La.App.1946). The rule is founded upon principles of reason and caution and is approved by us.
Thus, by his own testimony we find that Dick, too, was negligent and that his negligence contributed to the sideswipe collision and the injuries and damages resulting therefrom, and this contributory negligence bars recovery. Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962).
For the reasons assigned, the judgment of the trial court is affirmed and made the judgment of this court.