HOOD, Judge.
This action was instituted by John M. Morrison and his collision insurer, Stonewall Insurance Company, to recover the damages sustained by them when Morrison’s parked automobile was struck from the rear by a vehicle being driven by Earl Cross. The suit was instituted against Cross and his liability insurer, The Aetna Casualty and Surety Company. Judgment was rendered by the trial court in favor of defendants, and plaintiffs have appealed.
The sole issue presented is whether defendant Cross was negligent in causing or allowing his automobile to strike the Morrison car.
The accident occurred at about 12:12 a. m. on December 24, 1969, on Rapides Avenue, in Alexandria, Louisiana. Rapides Avenue is a straight, level, hard-surfaced city street which runs east and west. Early in the evening of December 23 Morrison parked his autmobile on Rapides Avenue, facing west, against the north curb of that street. In its parked position, the front of the car was 155 feet east of the intersection of Rapides Avenue and Bolton Avenue, and the rear of the car was a somewhat shorter distance west of the intersection of Rapides Avenue and 16th Street.
While parked there, the left rear part of the Morrison car was struck by the right front portion of an automobile which was owned and was being operated by defendant Cross. No one was in the Morrison car when it was struck, and Cross was the only occupant of his automobile. The damages to the Morrison car amounted to $671.47.
At the time the collision occurred there was in effect an automobile insurance policy issued by Stonewall Insurance Company to Morrison, providing $50.00 deductible collision insurance coverage. Stonewall paid Morrison the sum of $621.47, that being the amount required to repair the damages to his car less the deductible portion, and it became subrogated to the rights of the insured to that extent. Morrison and Stonewall then instituted this action to recover the damages sustained by them.
Following a trial on the merits, the trial judge held that immediately before the collision occurred Cross was confronted with a sudden emergency, not of his own making, that he acted reasonably under the circumstances, and that neither he nor his insurer is liable in damages to plaintiff. Judgment thus was rendered rejecting plaintiffs’ demands.
Cross testified that immediately before the collision occurred he was driving west on Rapides Avenue. As he approached the intersection of that avenue and 16th Street, he saw a light-colored Oldsmobile suddenly enter the intersection of Rapides and Bolton Avenues from the north, turn to its left at that crossing and then proceed eastward on Rapides. The Oldsmobile obviously had been traveling south on Bolton as it approached that intersection. Cross stated that the Oldsmobile was traveling at a speed of about 55 miles per hour as it negotiated the turn, that it “made just about a complete circle and went out of control,” that after it completed the turn it began sliding sideways as it moved eastward, and that it eventually straightened out and continued to travel east on Rapides Avenue. He testified that the Oldsmobile began sliding sideways when it reached a point about midway between the intersection and the parked Morrison automobile, that it was straddling the center line of the street as it was sliding, and that when it eventually straightened out it continued to occupy a part of Cross’ lane of traffic. After the Oldsmobile straightened out, however, it continued to travel eastward on Rapides Avenue without striking either the *329 Morrison or the Cross vehicles. The driver of that car has never been identified.
Cross testified that he had reached, or was about to reach, the intersection of Rapides Avenue and 16th Street when he first saw the Oldsmobile turn onto Rapides Avenue about a block ahead of him. He stated that he also saw the Morrison car parked on the north side of the street between him and the approaching Oldsmobile, and that he observed that the Oldsmobile not only was spinning around and sliding over both lanes of traffic, but that its speed was increased from about 55 to approximately 65 miles per hour as it traversed the distance from the intersection to the Morrison car. He testified that he applied his brakes and pulled over to his right when the Oldsmobile first began to slide sideways on Rapides Avenue, and that he was compelled to strike the Morrison car in order to avoid being hit by the Oldsmobile.
Cross estimated that he was traveling at a speed of only 20 to 22 miles per hour as he approached and traversed the intersection of Rapides Avenue and 16th Street. Although he stated that he applied his brakes when the Oldsmobile first began sliding, no skid marks were found and it is apparent that he reduced the speed of his car very little before the collision occurred. Cross concedes that he was traveling about 15 miles per hour when he struck the parked car. In explaining why he did not bring his car to a stop shortly after he saw the Oldsmobile spinning around in a circle and skidding in both lanes of traffic, he said “I pulled over to the side. Perhaps I thought I might miss the other car parked.”
Cross’ testimony is supported by that of Prentiss Lee Dunn, who at the time of the accident was traveling west on Rapides Avenue, approximately two blocks behind Cross. Dunn testified that the brake lights on Cross’ car did not come on shortly after the Oldsmobile turned onto Rapides Avenue, but that instead Cross applied his brakes “just seconds” before he collided with the Morrison car. When questioned as to when Cross applied his brakes, Dunn said “Oh, just seconds, sir, before the impact, I guess where — when he hit the car,” and that he didn’t see the brake lights come on until “immediately right at the impact.”
The evidence shows that the Oldsmobile traveled a distance of 155 feet after it turned onto Rapides Avenue and before it reached a point even with the front of the Morrison car. No facts were presented to show the exact distance which Cross traveled during that same period of time, but the evidence does show that a service station and a bar were located between the parked Morrison car and the intersection of Rapides Avenue and 16th Street. It is obvious, therefore, that between the time Cross saw the Oldsmobile and the time he collided with the rear of the Morrison car he traveled at least the width of the above-mentioned intersection and the frontage of the service station.
Accepting Cross’ estimate that he was traveling about one-third the speed of the Oldsmobile, and considering the fact that the Morrison car was parked 155 feet from Bolton Avenue, it is apparent that Cross was more than 50 feet from the parked Morrison car when the Oldsmobile suddenly turned onto Rapides Avenue and began careening over both lanes of traffic. We think Cross should have become aware of the danger when he was at least 50 feet from the parked car.
The evidence convinces us that Cross was negligent in failing to bring his car to a stop before he reached the parked Morrison automobile. He saw the unidentified Oldsmobile careening in both lanes of traffic when he had ample time within which to stop, and yet he did not apply his brakes or make any attempt to bring his car under control until a moment before the collision occurred. His negligence in failing to stop before he reached the parked car was a proximate cause of the accident.
*330 We find no merit to the argument that Cross was confronted with a sudden emergency, and that he thus should be exonerated from fault.
A motorist cannot take advantage of the sudden emergency doctrine, and thus exonerate himself from fault, if the emergency is brought about or contributed to by his own negligence. Robert v. Travelers Indemnity Company, 196 So.2d 657 (La.App. 1 Cir. 1967); Noland v. Liberty Mutual Insurance Company, 232 La. 569, 94 So.2d 671 (1957); Dick v. Phillips, 253 La. 366, 218 So.2d 299 (1969).
In Dick v. Phillips, supra, our Supreme Court said:
“The rule of sudden emergency cannot be invoked by one who has brought that emergency on himself by his own wrong or who has not used due care to avoid it. The sudden emergency doctrine is applicable to the standard of conduct of a motorist after an emergency has arisen, it does not apply to lower the standard of care required of motorists before the emergency occurs.”
In the instant suit, we find that Cross brought about or contributed to the emergency by his own negligence in failing to reduce the speed of his car or in failing to bring it to a stop after he observed the danger and before any emergency existed. He and his insurer thus cannot invoke the sudden emergency doctrine to exculpate Cross from fault.
Our conclusion is that the trial judge erred in holding that Cross was free from negligence. The judgment appealed from must be reversed, therefore, and judgment will be rendered in favor of plaintiffs.
For the reasons herein set out, the judgment appealed from is reversed, and judgment is hereby rendered as follows: (1) In favor of plaintiff, Stonewall Insurance Company, and against defendants, Earl Cross and The Aetna Casualty and Surety Company, in solido, for the sum of $621.47, with legal interest thereon from date of judicial demand until paid; and (2) in favor of plaintiff, John M. Morrison, and against said defendants, in solido, for the sum of $50.00, with legal interest thereon from date of judicial demand until paid. The defendants, Earl Cross and The Aetna Casualty and Surety Company, are condemned to pay all costs incurred in the trial court and all costs of this appeal.
Reversed and rendered.