345 So.2d 1277 (1977)
James G. JOHNIGAN, Jr., et ux., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellees.
No. 5969.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1977.
Ford & Nugent by Howard N. Nugent, Jr., Alexandria, for plaintiffs-appellants.
Gist, Methvin & Trimble by David A. Hughes, Alexandria, for defendants-appellees.
Before WATSON, FORET and HEARD, JJ.
HEARD, Judge.
James G. Johnigan, Jr. and his wife, Deborah Johnigan, brought this suit on their own behalf and on behalf of their minor son, James G. Johnigan, III, to recover damages for personal injuries allegedly received by James G. Johnigan, Jr., his wife, Deborah Johnigan, and his son, James G. Johnigan, III, and damages incurred by the community of acquets and gains resulting from an automobile accident on November 2, 1975 about one mile north of Natchez, Louisiana on Highway 1. Named defendants in the suit are John Richard McCann and his insurer State Farm Mutual Automobile Insurance Company.
Defendants answered denying any liability and expressly averred in the alternative the contributory negligence of James G. Johnigan, Jr. A trial on the merits resulted in a judgment in favor of the defendants. The trial court found that the plaintiff was confronted with a sudden emergency not of his own making which was the cause of the accident. The plaintiffs have appealed the judgment of the trial court.
The plaintiffs assert that the trial court erred in: (1) Failing to impose a legal presumption of negligence upon the defendant, McCann, (2) finding that McCann exculpated himself from ordinary negligence and *1278 that the trespassing motorist had satisfied the burden, by convincing proof by showing that he wasn't guilty of any dereliction, however slight, which may have had a casual connection to the accident, and (3) failing to award damages to the plaintiffs.
The record reveals that defendant McCann was traveling north on Highway 1 approximately one mile north of Natchez, Louisiana on November 2, 1975, at approximately 2:45 P.M. Traveling in front of him was a tractor-trailer unit, commonly known as an "18 wheeler". In front of the "18 wheeler" was a pickup truck towing a trailer used in hauling cotton. James G. Johnigan, Jr., his wife, Deborah, and their minor son, Johnigan III, were returning to Alexandria, Louisiana from Shreveport via Highway 1 South. They were unfamiliar with Louisiana highways so they pulled off the highway on the shoulder of the road to consult a road map. At the time of the accident, the weather was clear and visibility was good. The defendant followed the 18 wheeler for some distance at a slow rate of speed until the southbound lane cleared of oncoming traffic and the highway straightened. The defendant McCann observed the Johnigan vehicle parked on the side of the road but it was off the highway and there was room to pass the tractor-trailer unit in front of him. McCann put on his left blinker and attempted to pass the 18 wheeler. When his vehicle was one-half to one-third past the trailer unit, the operator of the tractor-trailer combination, in attempting to pass the vehicle preceding it, pulled into the southbound or passing lane. McCann, in order to avoid a collision with the 18 wheeler, simultaneously applied his brakes and sounded his horn, and was forced off the highway where his automobile immediately collided with the Johnigan vehicle, causing the injuries complained of in this action.
The plaintiff asserts that the trial court failed to impose a legal presumption of negligence upon the defendant McCann.
In stating the duties of a motorist traveling on the right side, overtaking and passing, the Highway Regulatory Act of the State of Louisiana LSA-R.S. 32:71, 32:73 and 32:75 read as follows:
"71. Driving on right side of road; exceptions

A. Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:
(1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;
73. Passing on the left.

A. The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules hereinafter stated;
(1) Except when overtaking and passing on the right is permitted, the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass on the left side thereof at a safe distance, and shall not again drive to the right side of the roadway until safely clear of the overtaking vehicle;
(2) Except when overtaking and passing on the right side is permitted, the driver of the overtaking vehicle shall give way to the right in favor of the overtaking vehicle on audible signal, and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.
75. Limitations on passing to the left.

No vehicle shall be driven on the left side of the center of the highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the righthand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction."
*1279 The law is clear that when a driver on his wrong side of the road collides with another car the driver is required to exculpate himself of any fault, however slight, contributing to the accident. Simon v. Ford Motor Co., 282 So.2d 126 (La.1973); Rizley v. Cutrer, 232 La. 655, 95 So.2d 139 (1957); Noland v. Liberty Mutual Ins. Co., 232 La. 569, 94 So.2d 671 (1957). In the case of Rizley v. Cutrer, supra, Justice McCaleb stated:
"Here, the situation is different because Cutrer, having caused the accident by leaving his own traffic lane, is presumed guilty of negligence and the onus rested on him to demonstrate that the accident resulted from such a state of unforeseeable circumstances beyond his control (and to which he did not contribute) that he could not extricate himself, despite the efficient use of all protective measures at his command. In other words, it was his burden to show that he was not guilty of any dereliction, however slight, which may have had causal connection with the accident. We say this because it seems only reasonable to resolve that a motorist owes to the traveling public the duty of remaining in his own lane of traffic and, when he undertakes to enter the lane devoted to approaching traffic, he must be held strictly accountable for all damages resulting therefrom unless he clearly exhibits that his conduct in no wise contributed to the accident."
The trial court found that the defendant John McCann was confronted with a sudden emergency and as a result could not be expected to act with the same sound judgment that he would under normal circumstances. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385.
In the case of Dick v. Phillips, 253 La. 366, 218 So.2d 299 (1969), the court stated:
"Although Phillips invokes the doctrine of sudden emergency to exculpate himself from a charge of negligence, the doctrine is not available to him. The rule of sudden emergency cannot be invoked by one who has brought about that emergency on himself by his own wrong or who has not used due care to avoid it. The sudden emergency doctrine is applicable to the standard of conduct of a motorist after an emergency has arisen, it does not apply to lower the standard of care required of motorist before the emergency occurs. 2 Blashfield, Automobile Law and Practice § 102.28 (3rd ed. 1965). See also Noland v. Liberty Mutual Insurance Company, 232 La. 569, 94 So.2d 671 (1957)."
It is not disputed that when the defendant McCann pulled around the 18 wheeler to pass, he saw the plaintiff Johnigan's automobile facing him on the shoulder of the highway. He, by his observations, knew he would have to drive between the Johnigan automobile and the 18 wheeler. Mr. McCann further stated that as he pulled into his left lane to pass, he didn't see or know how many vehicles he was passing. He stated further he failed to see the 18 wheeler pull to the center line although there was nothing to prevent him from seeing the 18 wheeler beginning to pull over. Mr. Johnigan testified that as Mr. McCann drove up beside the 18 wheeler, the driver turned on his left turn blinker light to pass the pickup truck and trailer in front of him. McCann, by continuing to drive forward, contributed to the emergency. We find that the defendant McCann failed to exculpate himself from fault contributing to the accident. In finding that the defendant McCann did not contribute to the emergency, we think the trial court committed manifest error.
Dr. Robert B. Curry, an orthopedist at England Air Force Base, testified that Mr. Johnigan was examined at England on November 3, 1975. The report stated that he was complaining of pain on his left side and in his lower back. On examination he was found to have tenderness in his left flank. A back examination was negative. The doctor stated that his examination was negative to any objective findings.
Dr. Humphrey Hardy saw Mr. Johnigan on September 3, 1976. He stated that his *1280 examination revealed an area of tenderness that was fairly well localized over his low back on the left in the region of the sacroiliac joint.
Major Dennis Radke, a dentist at England Air Force Base, stated that Mr. Johnigan lost one front tooth and because of complications, the adjoining tooth was loose and would require extraction in the future. For the plaintiff's, Mr. Johnigan's, injuries we think $8,000.00 would be adequate.
Mrs. Johnigan testified that her injuries consisted of a muscle strain in her shoulder and soreness. We believe that $700.00 would compensate her for her injuries.
The testimony revealed that the only injuries received by James G. Johnigan, III, were cut lips and loss of a baby tooth. We believe that $300.00 is adequate for these injuries.
The bill of United States of America in the amount of $442.00 is stipulated as well as the damages to the automobile in the amount of $1,150.00. Expert witness fees for Dr. Humphrey Hardy, Dr. Robert Curry, and Dr. Dennis Radke are fixed at $100.00 each and taxed as costs.
For the foregoing reasons the judgment of the trial court is reversed and there is judgment in favor of James G. Johnigan, Jr. in the full sum of $8,000.00 and the further sum of $1,592.00, and on behalf of their minor son, James G. Johnigan III, in the sum of $300.00, and in favor of Mrs. Deborah Johnigan in the sum of $700.00, all with legal interest from judicial demand until paid, and against John Richard McCann and State Farm Mutual Automobile Insurance Company in solido. All costs of this appeal are to be paid by defendant-appellees.
REVERSED AND RENDERED.