SAMUEL, Judge.
Plaintiff, Vance Joseph Troxler, filed suit for the wrongful death of his wife, Sylvia Lee Troxler, individually and as natural tutor of four minor children born of his marriage to decedent, Lee Gerard Troxler, Vance Joseph Troxler, Jr., Christy Ann Troxler, and Ted Julian Troxler. Decedent’s older daughter, Terry M. Troxler, had reached majority at the time suit was filed and she is also a plaintiff. Decedent’s oldest son also was substituted as a party plaintiff because he had become a major at the time of trial.
The petition named numerous defendants but many of them were voluntarily dismissed prior to trial, leaving only Lynn G. Burkhardt, Metal Services Corporation, his employer, United States Fidelity & Guaranty Company, its insurer, Carl Hefner, Comfort Chair Company, Inc., his employer, and Home Insurance Company, as defendants. After jury selection, but prior to opening statements, plaintiffs reached a settlement with Burkhardt, Metal Services Corporation, and United States Fidelity & Guaranty Company.
Since the only remaining defendants were Carl Hefner, Comfort Chair Company, Inc., his employer, and Home Insurance Company, its insurer, the basic question presented to the jury, and to this court on appeal, is the negligence of Hefner in the operation of his motor vehicle.
The jury found Hefner not guilty of negligence and the trial judge signed a judgment in accordance with the verdict, thereby dismissing Hefner, Comfort Chair Company, Inc., his employer, and Home Insurance Company, its insurer, with prejudice. Plaintiffs have appealed from that judgment.
The collision occurred on April 10, 1975 at approximately 4:15 p. m. It was rainy and the street was slippery. At the point of the accident, Highway 90 is a multi-lane highway with two eastbound lanes and two westbound lanes separated by a small median. The decedent proceeded westerly on the inside or left lane, and she was preceded by a truck and a car in the right lane of traffic.
At the same time two tractor-trailer trucks, one operated by Lynn G. Burkhardt and the other operated by Hefner, were proceeding in an easterly direction on Highway 90. The Hefner vehicle was approximately five truck lengths behind the Burk-hardt truck. Both were traveling in the right lane of traffic.
A small red automobile was proceeding on Highway 90-B toward its point of merger with Highway 90 to Hefner’s right. Hefner noticed this vehicle and maneuvered into his left traffic lane. He testified he began to decelerate at this time. Burk-hardt remained in the right lane. When it was evident the red automobile would not yield to traffic on Highway 90, Burkhardt applied his brakes. His truck then jackknifed and jumped the median on Highway 90. The right front of the Hefner truck was struck by the Burkhardt vehicle as the latter jackknifed. Both vehicles crossed the *509 median and came to rest well in the westbound lane of Highway 90. Mrs. Troxler, who was traveling west, hit the Burkhardt truck as it crossed her path and she was killed.
Both trucks were traveling at approximately the speed limit of 45 miles per hour. Both drivers testified they observed the red car approach on Highway 90-B while they were still far from the point of merger. Neither slowed from his stated speed until they were between 200 and 400 hundred feet from the point of merger. Hefner then moved into the left lane and slowed; however, he still overtook the Burkhardt truck when the latter jackknifed.
Our reading of the record in its entirety satisfies us that the jury was within the wide discretion afforded it by holding for defendant Hefner, and we conclude it was not clearly wrong by so holding.[1]
Plaintiffs base their argument almost entirely on the decision of the Louisiana Supreme Court in Dick v. Phillips.[2] In the Phillips case, plaintiff sought damages for being sideswiped on Highway 1-10 by the defendant. The collision occurred when defendant swerved to his left to avoid vehicle which had entered Highway 1-10 without yielding the right of way. At the time of the collision, plaintiff was passing the Phillips vehicle, and the Supreme Court held the plaintiff contributorily negligent for passing the Phillips vehicle in an area marked with merging traffic signs. The court further stated that had plaintiff timely observed the vehicle approaching on the service road would not yield the right of way to the Phillips vehicle, it would have been incumbent upon plaintiff to desist from passing Phillips, and plaintiff would have been obliged to slow his vehicle to avoid the oncoming collision.
In this case, the evidence shows Hefner was not attempting to pass the Burkhardt truck. Before reaching and merging intersection he moved to the left lane and began to decelerate. The Burkhardt truck was to his right when it jackknifed. From the evidence, the jury clearly could have concluded the cause of the accident was Burk-hardt’s negligence in not moving into the left lane ahead of Hefner before applying his brakes. Hefner’s conduct prior to the collision is basically similar to that recommended by the Supreme Court in Dick v. Phillips, supra. We conclude the jury did not commit error by holding Hefner free from negligence.
Plaintiffs also contend certain comments by defense counsel adversely affected the jury and precluded plaintiffs from receiving a fair trial. First, they argue defense counsel committed prejudicial error by asking the court to allow Hefner to testify out of turn in the presence of the jury because he had just learned his wife had been admitted to a hospital that morning and he wished to catch the next available flight. Plaintiffs say this statement precluded them from effectively cross-examining Hefner because the jury would have resented cross-examination and delay of a man in distress. Next, plaintiffs argue defense counsel’s comment to the jury that a settlement had been reached with other defendants influenced the jury adversely. Finally, they argue defense counsel committed error by suggesting to the jury it was improper to have the five children of the decedent testify-
We do not see the comments by defense counsel as sufficiently prejudicial to warrant a reversal of the jury’s verdict. In requesting Hefner be taken out of turn, his counsel simply offered reason for this unusual occurrence by way of explanation, particularly since by taking Hefner at that particular time he was interrupting the jury’s noon hour. An explanation that Mr. Hefner had an emergency, without specifying the hospitalization of his wife, would have been better under all the circumstances, but we cannot hold the statement as made sufficiently prejudiced the jury to warrant reversal.
*510 Second, counsel for defendant concedes that ordinarily evidence of a previous compromise should not be brought to the attention of the jury. He points out, however, that his comments came only after the settlement had been mentioned to the jury on five separate occasions by both the trial judge and counsel for plaintiffs in opening argument, during questioning, and in closing argument. We must agree that ordinarily defense counsel’s comment regarding a prior settlement with another defendant might be improper and prejudicial. However, since the trial judge mentioned the settlement to the jury and plaintiffs’ counsel brought the settlement to the jury’s attention on four separate occasions, defense counsel’s remark was no more prejudicial than plaintiffs’.
Third, defendant had the right to comment on the testimony of the children as well as on the testimony of any other witness. Offering the testimony of the children, particularly the younger ones, was a calculated risk which plaintiffs obviously decided to take. The testimony of these children could have adversely affected the jury or it could have invoked their sympathy. In either event we do not hold counsel for the defendant acted improperly by implying the children’s testimony was improper. Our conclusions are further strengthened by the absence of objection to the comments by counsel for plaintiffs. Had defense counsel’s comments been considered so prejudicial that their effect could not have been removed by a timely instruction by the trial judge, plaintiffs should have requested a mistrial, which they did not do. Redress under the circumstances should not, therefore, be allowed on appeal.[3]
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

. Canter v. Koehring Company, La., 283 So.2d 716; Arceneaux v. Domingue, La., 365 So.2d 1330.

. 253 La. 366, 218 So.2d 299.

. See Wilson v. Virgademo, La.App., 258 So.2d 572.