408 So.2d 285 (1981)
COMMERCIAL UNION INSURANCE COMPANY, David Covington and Donna Covington, Plaintiffs-Appellees,
v.
Dollan F. STIDOM and U-Haul Company of Dallas-Ft. Worth, Defendants-Appellants.
No. 14713.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1981.
*286 Theus, Grisham, Davis & Leigh by Ronald L. Davis, Jr., Monroe, for defendants-appellants.
Kostelka, Swearingen & Street by Elmer G. Noah, Monroe, for plaintiffs-appellees.
Before PRICE, MARVIN, and JASPER E. JONES, JJ.
MARVIN, Judge.
Defendants appeal a judgment for damages that arose out of the collision of plaintiffs' automobile with defendants' stalled and temporarily abandoned truck on the eastbound incline of the Interstate 20 bridge over the Mississippi River. Quantum is not complained of and the issues concern whether the negligence of one or of both drivers legally caused the accident.
Except as to the plaintiff wife, a guest passenger in plaintiff's automobile, we reverse, finding plaintiff contributorily negligent.
The accident occurred on a rainy daylight afternoon about 5:30 p. m. on August 9, 1978. Defendant Stidom, driving a rental U-Haul truck with a known faulty gas gauge, "guessed" that a tank of gasoline he purchased in Texas would enable him to drive across Louisiana. The U-Haul ran out of gas and stalled in the right eastbound traffic lane of the bridge incline. A safety lane about five feet wide is between this traffic lane and the railing of the incline. Stidom turned on the hazard lights of the truck, left it in the right lane, and departed the scene to seek gasoline. The accident occurred about 10 minutes later.
The trial court concluded that defendant's conduct was negligent and was the [sole] cause of the accident. Causation was not discussed. The conduct of plaintiff was not discussed and no finding of fact related to plaintiff was made. Only the plaintiff and his guest-passenger-wife testified as to his conduct and, as a reviewing court, we are required to view their testimony in the most favorable light that would support the judgment of the lower court. Ford Motor Credit Co. v. Diffey, 378 So.2d 1032 (La.App.2d Cir. 1979). We must conclude, however, that the plaintiff driver was contributorily negligent.
Plaintiff was eastbound with his wipers operating, driving at 50 mph as he approached the incline in the right lane. Other traffic was on the highway but there was no traffic immediately ahead of or behind plaintiff. Plaintiff noticed that the traffic that was further ahead of him and in the left lane was slowing down as it approached the bridge. Plaintiff, in the right lane, did not slow his automobile but proceeded to overtake this traffic. He then found himself, in the right lane, immediately to the rear of an 18-wheeler that was in the left lane. Both were proceeding at an estimated 40-45 mph and plaintiff was blinded by the spray and mist created by the truck and the rain.
Plaintiff considered whether to speed up or to slow down to avoid the blinding spray and mist. He consciously elected and intentionally decided to speed up from about 40-45 mph to about 50 mph to pass the truck. The posted speed limit was 55 mph.
When plaintiff had almost passed the slower moving truck and his visibility had cleared, he saw the stalled U-Haul and its flashing hazard lights about 125 feet away. He applied his brakes, skidded, but did not lose control of his automobile. When plaintiff applied his brakes, the 18-wheeler and a car immediately following it in the left lane, still traveling at about 40-45 mph, overtook plaintiff in the right lane. This traffic prevented plaintiff from entering the left lane to avoid the impending collision. Plaintiff estimates that he was skidding about 35 mph when the collision occurred. Plaintiff Mrs. Covington used her hand to shield her face and sustained one or more lacerations of that hand from the broken glass of the windshield of plaintiff's automobile. She saw a doctor in Vicksburg who treated her and removed a piece of glass from the wound(s).
*287 The conduct of plaintiff and of defendant are measured by the same standard and are subject to the same analysis. Theunissen v. Guidry, 244 La. 631, 153 So.2d 869 (1963).
But for defendant's inattention to and his guess about his fuel supply and but for his failure either or both to remove the U-Haul from the traveled portion of the highway and to warn approaching traffic of the obstruction, the accident would not have happened.
But for plaintiff's failure, first to respond to the slowing traffic ahead of him and to maintain a distance and speed that would have allowed him reasonable visibility and time in which to react to traffic and highway conditions that might develop, and but for plaintiff's overtaking the 18-wheeler and entering the blinding spray it created, plaintiff would not have been in such a dire emergency. Secondly, we must conclude that but for plaintiff's conscious election to increase, rather than to decrease, the speed of his automobile, the accident would not have happened.
Under these circumstances, the respective conduct of each driver was a cause in fact of the accident.
Many of the duties imposed upon motor vehicle drivers are detailed in the Louisiana Highway Regulatory Act, LRS 32:1 et seq. Section 141 imposed a duty upon defendant not to stop or leave his truck standing upon the traveled portion of the highway when it is practicable to leave the truck off the traveled portion of the highway. This section also provides that if it is impossible to avoid temporarily leaving a vehicle on the traveled portion of a highway, the driver shall remove it as soon as possible and until it is removed, the driver has the responsibility to protect traffic. It has been held that a driver has the duty to maintain his vehicle in a safe operating condition. Connecticut Fire Ins. Co. v. Illinois Central R. Co., 212 So.2d 716 (La.App. 4th Cir. 1968). This general duty, in these circumstances, should extend to defendant the specific responsibility to maintain his fuel system and supply so as to avoid the vehicle becoming disabled on the highway. These duties are imposed to protect other traffic against exposure to the identical risk that defendant created here.
Section 64(A) imposed a duty on plaintiff not to drive at a speed greater than was reasonable under the conditions and potential hazards, traffic, and weather then existing. Section 81(A) imposed a duty on plaintiff in the right lane, not to follow the 18-wheeler more closely than was reasonable and prudent under the traffic and highway conditions then existing. Section 74(B) permits passing on the right on multiple lane highways, only under conditions where the passing may be done in safety. A driver whose vision of the roadway is impaired has a duty to reduce his speed to a degree commensurate with the degree of impairment, even to the extent of stopping his vehicle as an extreme measure when visibility is substantially destroyed. Campbell v. American Home Assurance Company, 260 La. 1047, 258 So.2d 81 (1972). These duties are imposed to protect other traffic against a collision, the identical risk contributed to by plaintiff.
The essence of these duties is reasonableness of conduct in the traditional negligence context. Under the circumstances of this case, the conduct of each driver was substandard, blameworthy, and was a breach of that driver's legal duty. Each driver failed to conduct himself as a reasonable man and the conduct of each driver was a legal cause of the accident.
Plaintiff explained that had he maintained the 40-45 mph speed behind the 18-wheeler with his visibility substantially impaired, he would have struck the U-Haul at this much greater speed and caused greater damage. We agree. Plaintiff argues that he did everything humanly possible to avoid the accident and that we should affirm the judgment because no manifest error is shown. We do not agree.
Negligence is not determined by the degree of the damage caused, but by the conduct that causes the damage. We conclude that plaintiff is negligent, not because of his conduct after he saw the obstructing *288 U-Haul, but because of his conduct before he saw it. He contributed to the creation of the emergency in the respects mentioned and when faced with the emergency, he not only failed in his duty to reduce his speed, he purposely increased his speed, and attempted to pass the truck when conditions were not safe for him to do so. He drove at an unreasonable speed. § 64(A). He followed the 18-wheeler more closely than was reasonable. § 81(A). He attempted to pass on the right with his visibility substantially impaired when the passing could not be done in [reasonable] safety. § 74(B). The sudden emergency doctrine does not apply to lower the standard of care required of a motorist before the emergency occurs. Dick v. Phillips, 253 La. 366, 218 So.2d 299 (1969). The sudden emergency doctrine is inapplicable to, and cannot be claimed by one whose negligence precipitated the emergency. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972).
Under these circumstances, the judgment of the trial court is clearly wrong and shall be reversed against the plaintiff driver and his collision insurer, a co-plaintiff. As to the plaintiff wife, who was not shown to have been contributorily negligent in any respect, the judgment shall be affirmed. The judgment is couched in general terms and the $500 amount she sued for was included in the amount of the judgment "for plaintiffs" that was rendered below.
Accordingly, we amend to grant judgment only in favor of the wife for $500 with legal interest from judicial demand. Costs below were properly assessed against defendants. Costs of this appeal are assessed one-half to plaintiffs other than Mrs. Covington, and one-half to defendants.
REVERSED in part, AMENDED AND AFFIRMED in part.