ROLAND L. BELSOME, Judge.
11 This is an appeal from the granting of summary judgment in favor of Michael Lind and North River Insurance Company. The lawsuit arises from a motor vehicle accident which occurred on Interstate 10 in Acadia parish. DeJoyce Brumfield was driving a vehicle in the left lane with passengers Sandra Bridges and Linda Ma-gee. Michael Lind was driving a truck in the right lane of Interstate in the same general location. A white pick-up truck merged into Mr. Lind’s lane without yielding and quickly moved into Ms. Brum-field’s lane causing her to lose control of her vehicle. Ms. Brumfield’s vehicle left the highway briefly and in an attempt to reenter her lane of traffic her vehicle proceeded into the right lane of traffic in a perpendicular position. Mr. Lind’s truck, which was still traveling in the right lane of traffic struck Ms. Brumfield’s vehicle.
Ms. Brumfield and her passengers filed suit against Mr. Lind and his insurer alleging that his negligence was a contributing factor in causing the accident. Mr. Lind and his insurer filed a motion for summary judgment which was granted and the plaintiffs’ claims were dismissed. For the reasons that follow we affirm.
| ^Appellate courts review the grant or denial of a motion for summary judgment de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. A summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A fact is material when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Hardy v. Bowie, 98-2821, p. 6 (La.09/08/99), 744 So.2d 606, 610.
*771 A duty-risk analysis is employed when determining whether to impose liability under the general negligence principles of Louisiana Civil Code article 2315. Pinsonneault v. Merchants & Farmers Bank & Trust Co., 01-2217, p. 6 (La.4/3/02), 816 So.2d 270, 275-76. There are five factors that must be proven in order for liability for damages to attach under the duty-risk analysis: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (2) the defendant failed to conform his or her conduct to the appropriate standard of care; (3) the defendant’s substandard conduct was a cause in fact of the plaintiffs injuries; (4) the defendant’s substandard conduct was a legal cause of the plaintiffs injuries; and (5) actual damages. Id.
|sThe inquiry into whether a duty exists is a question of law. Id. (citing Peterson v. Gibraltar Savings & Loan, 98-1601, 1609, p. 7 (La.5/18/99), 733 So.2d 1198, 1204; Faucheaux v. Terrebonne Consolidated Government, 615 So.2d 289, 292). “Generally, there is an almost universal legal duty on the part of a defendant in a negligence case to conform to the standard of conduct of a reasonable person in like circumstances.” Davis v. Witt, 02-3102 (La.7/2/03) 851 So.2d 1119 (citing Joseph v. Dickerson, 99-1046 (La.1/19/00), 754 So.2d 912, 916; Boykin v. Louisiana Transit Co., 96-1932 (La.3/4/98), 707 So.2d 1225, 1231). It is well established that a motorist’s duty of reasonable care includes the duty to keep his vehicle under control and to maintain a proper lookout for hazards, which by the use of ordinary care and observation he should be able to see in time to avoid a collision. Updegraff v. State ex rel Dept. of Transp. and Development, 2001-1048, p. 8 (La.App. 4 Cir. 10/02/02), 828 So.2d 693, 700.
Relying on Dick v. Phillips, 253 La. 366, 218 So.2d 299 (1969), the plaintiffs argue that Mr. Lind breached his duty by failing to maintain a proper look out or failing to slow down and yield to merging traffic. We disagree.
In Dick, Dick’s vehicle was trailing Phillips’ vehicle near a service road entrance to the highway. Id. Dick moved to the left lane to pass Phillips. About the time the Dick vehicle was gaining on Phillips’ vehicle, a car merged from the service road into Phillips’ lane of traffic. Id. To avoid a collision with the merging vehicle, Phillips quickly changed to the left lane, sideswiping Dick’s vehicle. Id. The car that merged was never identified. Id. Dick filed suit against Phillips. Id.
The Supreme Court, with three justices dissenting, found that both drivers were negligent in causing the accident. Id. First, Phillips was negligent for not maintaining a proper look out and ultimately creating a sudden emergency which |4he had to avoid by switching lanes. Id. Secondly, the Court found that Dick was negligent for not being aware of the sign indicating merging traffic ahead and for attempting to pass Phillips at a location where traffic was merging. Id.
The only similarity in Dick and the instant case is the presence of an unidentified merging vehicle that set things into motion. In all other respects this case is distinguishable. Mr. Lind did not leave his lane of travel to avoid the merging vehicle, but rather slowed his vehicle and avoided contact with the pick-up truck. It was Ms. Brumfield who was unable to maintain control once the pick-up truck entered her lane. The record is void of any evidence indicating that Mr. Lind caused the pick-up truck to enter Ms. Brumfield’s lane. Furthermore, there is nothing to prove his actions were anything other than reasonable under the circumstances.
*772 Accordingly, we affirm the trial court’s ruling dismissing Ms. Brumfield’s and Ms. Bridges’ claims against Mr. Lind and North River Insurance Company.
AFFIRMED.