Judgment rendered August 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,823-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JANET JABBIA                                        Plaintiff-Appellant

versus

SAWYER SOUTHERN,                                    Defendants-Appellees
SOUTHERN FARM BUREAU
CASUALTY INSURANCE
COMPANY, MALLORY
BONNETT, & STATE FARM
MUTUAL AUTOMOBILE
INSURANCE COMPANY

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2020-3141

Honorable Alvin R. Sharp, Judge

* * * * *

BRUSCATO LAW FIRM                                   Counsel for Appellant
By: John F. Bruscato
    James Edward Patton, II


COTTON, BOLTON, HOYCHICK                            Counsel for Appellees,
& DOUGHTY, LLP                                      Sawyer Southern and
By: John B. Hoychick                                Southern Farm Bureau
                                                    Casualty Ins. Co.

* * * * *

Before COX, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

Janet Jabbia appeals a bench trial judgment that rejected her claim for personal injury and property damage arising from a three-vehicle, rear-end chain collision in which she was the lead driver and Sawyer Southern was the middle driver. The district court found Southern not at fault. We affirm.

## FACTUAL BACKGROUND

On the afternoon of January 13, 2020, Jabbia was driving her 2014 Chevy Malibu, coming home from her job at the Ouachita Parish School Board and heading east on DeSiard Street, near the airport in Monroe. It had been raining and the pavement was wet. Driving in the left lane, she stopped to wait behind a car that was turning left. Glancing in her rearview mirror she noticed a Chevy Silverado Z71 gaining on her, coming fast. Afraid it would not be able to stop, she gripped the steering wheel, "smashed" her brake, and closed her eyes tight. She was then struck from behind, in an impact that she described as hard but not severe.

Sawyer Southern was driving the 2013 Chevy Silverado Z71. He recalled there was another truck between him and the Malibu, but it scooted into the right lane and, when it was gone, he could see the Malibu's brake lights so he started slowing down. Glancing in his rearview mirror he saw a third car, a Chevy Cruze, gaining on him, coming very fast. Afraid it would not be able to stop, he lifted his foot from the brake thinking this would lessen the impact when the Cruze hit him. He was then struck from behind; the impact knocked him into the rear of the Malibu.

Mallory Bonnett was driving the 2018 Chevy Cruze. She testified that, driving east on DeSiard, she looked down from the road to pick up a cup that had gotten stuck in her cupholder; when she looked up again, she was about to ram into the rear of the Chevy Silverado. Unable to stop in time, she rear-ended the Silverado, totaling her Cruze. Fortunately, nobody was seriously injured.

La. State Trooper Nathaniel Dean came to the scene and shot a 30-minute bodycam video with the three drivers. Bonnett did not know if she struck the Silverado first, or the Silverado struck the Malibu first, but said she did not see Southern do anything wrong. She admitted she had taken her eyes off the road and, when she looked back up, it was too late to stop. Southern said he was coming to a stop behind the Malibu, but he then saw the Cruze coming up fast behind him, and he eased off his brakes in an effort to lessen the impact when he was struck. Jabbia told Trooper Dean that Southern had slowed down but the Cruze was coming too fast and struck him from behind, and this was why he rear-ended her; she thought Southern was a victim, just like she was.

**TRIAL TESTIMONY**

Jabbia filed this suit against Southern and his insurer, Southern Farm Bureau ("SFB"), and against Bonnett and her insurer, State Farm. Some time later, she settled with Bonnett and State Farm, reserving all rights against Southern and SFB. The matter came to a bench trial in April 2023.

Trooper Dean, reviewing his crash report and the bodycam video, agreed that nobody said Southern's Silverado was completely stopped before the impact occurred. On cross-examination, he agreed that if Southern had been "hard on his brakes," he possibly would not have slid as far and,

2

possibly, not hit Jabbia. However, based on his observations of the vehicles and what the drivers told him, he considered Bonnett 100% at fault.

Jabbia testified that, while waiting behind a left-turning vehicle, she saw both the Silverado (which she called "gigantic" and "jacked-up") and the Cruze, both speeding. She testified she closed her eyes before impact and Southern told her at the scene that he "couldn't or didn't" apply his brakes. She admitted stating in deposition that she thought Southern hit her first (before he was struck by Bonnett), but conceded this was contradicted by her comments on the bodycam. She also admitted that, on the video, the Silverado looked just like a "regular truck."

Southern testified that as soon as he saw the Malibu's taillights, he started slowing, but when he saw the Cruze coming up fast behind him, he "let off [his] brakes" in an effort to decrease her impact. He called this a "split-second decision." He agreed he never came to a full stop, but denied Jabbia's assertion that he *never* used his brakes. He also admitted stating in deposition that had he not let off the brakes, he would not have struck the Malibu, but clarified this was strictly in response to the Cruze zooming up behind him. He maintained that if his Silverado had not been struck and pushed by Bonnett's Cruze, he would not have hit Jabbia's Malibu.

Bonnett, called as a witness by Southern and SFB, testified the truck did nothing wrong and did not appear to be speeding. She thought the truck was "coming to a stop" when she hit it. She also testified that the trooper gave her a citation, which she did not contest.

## ACTION OF THE DISTRICT COURT

In written reasons, the court found that Southern was "pushed into" the plaintiff, and the fact that he took his foot off the brake "is of no moment

3

in this case." The court found Bonnett 100% at fault in the accident, and ultimately rendered judgment dismissing Jabbia's claim against Southern and SFB. Jabbia appealed, raising two assignments of error.

## DISCUSSION

As a preliminary matter, Jabbia argues that she is entitled to de novo review because the court failed to apply La. R.S. 32:81 (A) and thus committed a legal error. In support, she cites *Evans v. Lungrin*, 97-0541 (La. 2/6/98), 708 So. 2d 731. We do not agree. De novo review is available only when "a trial court legal error interdicts the fact-finding process," *id.* at 6, 708 So. 2d at 736, and not even in every such case, *Hicks v. USAA Gen'l Indem. Co.*, 21-00840 (La. 3/25/22), 339 So. 3d 1106. The finding of causation and fault is a uniquely factual matter and subject to manifest error review. *Hayes Fund for First United Methodist Church of Welsh v. Kerr-McGee Rocky Mtn. LLC*, 14-2592 (La. 12/8/15), 193 So. 3d 1110; *Hall v. Bennett*, 54,995 (La. App. 2 Cir. 4/5/23), 361 So. 3d 1090. Under this standard, reversal is warranted only if the appellate court finds that a reasonable factual basis does not exist for the trial court's finding and the record establishes that the finding is clearly wrong or manifestly erroneous. *Ryan v. Zurich Amer. Ins. Co.*, 07-2312 (La. 7/1/08), 988 So. 2d 214. On thorough review, we find nothing in this record that prevented the trial court from receiving the relevant evidence, analyzing it, and assessing the competing claims. The request for de novo review lacks merit.

By her first assignment of error, Jabbia urges the court erred as a matter of law by ignoring Southern's statutory duty to avoid colliding with her, under La. R.S. 32:81 (A), and instead focusing on Southern's perceived duty to minimize the impact of Bonnett's car on his own truck. By her

4

second assignment, she urges the court's findings were manifestly erroneous and an abuse of discretion.

She argues that, under the statute, a following driver must maintain a reasonable and prudent distance from the preceding vehicle, having due regard for speed of the vehicle and the traffic. The following driver in a rear-end collision is presumed to be at fault, *Mart v. Hill*, 505 So. 2d 1120 (La. 1987); *Ebarb v. Matlock*, 46,243 (La. App. 2 Cir. 5/18/11), 69 So. 3d 516, *writ denied*, 11-1272 (La. 9/23/11), 69 So. 3d 1164. In a three-vehicle, chain collision, the middle driver can rebut this presumption, *Billiot v. Noble Drilling Corp.*, 236 La. 793, 109 So. 2d 96 (1959); *Chambers v. Graybiel*, 25,840 (La. App. 2 Cir. 6/22/94), 639 So. 2d 361. She submits Southern failed to rebut the presumption: he did not show that she (Jabbia) created the sudden emergency (in fact, the district court found her not at fault); he did not prove he had his truck under control and kept a reasonable distance; and he owed no duty to protect *Bonnett* from injury – he owed this duty only to Jabbia. She also argues that a person who is negligent cannot claim the sudden emergency doctrine, *State Farm v. LeRouge*, 07-0918 (La. App. 4 Cir. 11/12/08), 995 So. 2d 1262, *writ denied*, 09-0124 (La. 3/27/09), 5 So. 3d 143. She contends that by failing to lock his brakes, Southern was negligent and thus cannot get the benefit of sudden emergency.

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. La. R.S. 32:81 (A). A following motorist in a rear-end collision is presumed to have breached this duty and, therefore, is presumed negligent. *Mart v. Hill*, *supra*. However, the following motorist may avoid liability by establishing

5

that he had his vehicle under control, closely observed the lead vehicle, and followed at a safe distance under the circumstances. *Eastman v. State Farm*, 23-01107 (La. 5/1/24), 384 So. 3d 865; *Ebarb v. Matlock*, *supra*. He may also avoid liability by establishing a sudden emergency: a person who finds himself in a position of imminent peril, without sufficient time to consider and weigh all his options or the best means by which to avoid the danger, is not negligent if he fails to take the option which, subsequently and on reflection, appears to be better. *Hickman v. S. Pac. Transp. Co.*, 262 La. 102, 262 So. 2d 385 (1972); *Ebarb v. Matlock*, *supra*. The rule of sudden emergency cannot be invoked, however, by one who has not used due care to avoid the emergency. *Dick v. Phillips*, 253 La. 366, 218 So. 2d 299 (1969); *Ebarb v. Matlock*, *supra*.

Our review of the record leads us to the same conclusion as the district court: the only cause of this accident was Bonnett's rear-end collision into Southern, which then propelled Southern's truck into Jabbia's car. Southern testified, and Trooper Dean agreed, that the Silverado would not have struck the Malibu had the Silverado not first been struck by the Cruze. The court could reasonably find that, even if Southern had come to a complete stop, he still would have been catapulted into Jabbia. The court could also find that, on the damp pavement, it was prudent for Southern not to stomp on his brakes but to slow gradually. The only evidence to the contrary was Jabbia's testimony, but we are constrained to note that she was impeached by the contemporaneous statements she made to Trooper Dean on bodycam. There was no accident reconstruction or other expert testimony. On this record, we cannot say the court's finding that Southern was not at fault lacks a factual basis or was clearly wrong.

6

This finding is consistent with most of the jurisprudence involving three-vehicle, chain-reaction collisions: the rear driver is usually found totally at fault, and the middle driver is absolved, as in *Ebarb v. Matlock*, *supra*; *Leblanc v. Bouzon*, 14-1041 (La. App. 3 Cir. 3/4/15), 159 So. 3d 1144; and *Domingo v. State Farm*, 10-264 (La. App. 5 Cir. 11/9/10), 54 So. 3d 74. The middle driver was found liable in *Chambers v. Graybiel*, *supra*, but this was based on testimony that he struck the lead driver first, before himself being struck by the rear driver and then striking the lead driver again. There was no such evidence in the instant case.

Some cases have phrased the sudden emergency doctrine as though it applied only when the *lead motorist* created a hazard which the following motorist could not avoid. *King v. State Farm Ins. Co.*, 47,368 (La. App. 2 Cir. 8/8/12), 104 So. 3d 33; *Holland v. State Farm Mut. Auto. Ins. Co.*, 42,753 (La. App. 2 Cir. 12/5/07), 973 So. 2d 134; *Howard v. GEICO Cas. Co.*, 22-605 (La. App. 3 Cir. 3/29/23), 364 So. 3d 489. However, cases routinely apply the doctrine to hazards created by third parties as well. *King v. State Farm*, *supra*; *Stelly v. National Union Fire Ins. Co.*, 18-293 (La. App. 3 Cir. 2/6/19), 266 So. 3d 395; *Domingo v. State Farm*, *supra*. The district court did not abuse its discretion in implicitly finding that Southern reacted reasonably to the sudden emergency caused by Bonnett's Cruze. This assignment of error lacks merit.

## CONCLUSION

For the reasons expressed, the judgment is affirmed. All costs are to be paid by the plaintiff, Janet Jabbia.

**AFFIRMED**.

7