762 So.2d 226 (2000)
Clifford SPILLER and Curtis Spiller
v.
Gunnar S. EKBERG and Southern United Fire Insurance Company.
No. 00-CA-130.
Court of Appeal of Louisiana, Fifth Circuit.
May 17, 2000.
*227 Rodney Kelp Littlefield, Metairie, Louisiana, Attorney for Defendants-Appellants, Gunnar Ekberg and Southern United Fire Insurance Company.
Michelle D. Robert, New Orleans, Louisiana, Attorney for Plaintiffs-Appellees, Clifford Spiller and Curtis Spiller.
Panel composed of CHARLES GRISBAUM, Jr., JAMES L. CANNELLA and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
In this personal injury lawsuit which resulted from an automobile accident, after a bench trial, the trial court found plaintiff twenty percent at fault, defendant eighty percent at fault, and awarded damages to both plaintiffs. Defendants have appealed. For the following reasons, we affirm.
On April 21, 1995, plaintiffs, Clifford and Curtis Spiller, filed this lawsuit against Gunnar S. Ekberg and his liability insurer, Southern United Fire Insurance Company, alleging personal injuries and property damage resulting from an automobile accident in which the plaintiffs' vehicle struck the rear of the defendant's vehicle. In their petition, plaintiffs allege that while traveling behind defendant's vehicle on the North I-10 Service Road in Jefferson Parish, defendant suddenly stopped, and attempted to make a right turn onto Danny Park. Plaintiffs further allege that despite traveling at a safe distance behind defendant, and within the posted speed limit of thirty-five miles an hour, plaintiffs were unable to stop or otherwise avoid the accident, and struck defendant's vehicle in the rear, resulting in injuries to the plaintiffs.
The matter proceeded to a bench trial on November 4, 1999, where all of the parties, as well as the investigating officer, testified. At the conclusion of trial, the trial court rendered judgment, finding that plaintiff, Clifford Spiller, was twenty percent at fault and that defendant, Gunnar Ekberg, was eighty percent at fault. The trial court also awarded damages to both plaintiffs, subject to a reduction for Clifford Spiller's fault. Defendants have appealed, asserting that the trial court erred in apportioning any fault to Ekberg. Alternatively, defendants argue that the trial court's apportionment of fault to Ekberg should be reduced. Defendants have not appealed the amount of damages awarded to the plaintiffs.
Upon review of the trial testimony in the record, it is clear that the plaintiffs' version of events regarding the accident directly contradicted the defendant's version. Both plaintiffs testified that they were traveling within the posted speed limit and at a safe distance behind defendant's vehicle when, without signaling, defendant slammed on his brakes and attempted to make a late right turn onto Danny Park. Clifford Spiller testified that it appeared that defendant realized too late that he had missed his turn, and that despite slamming on his own brakes and steering to the left, Clifford could not avoid the accident.
To the contrary, defendant testified that he was traveling at the posted speed limit, placed his right turn signal on approximately one block prior to Danny Park, and executed a normal, slow right turn when he was struck in the rear by the plaintiffs' vehicle. Defendant also testified that he noticed the plaintiffs' vehicle in his rear view mirror prior to the accident, and that *228 their vehicle was traveling "about 70 or 80 miles an hour."
The officer who investigated the accident, Deputy Raymond Millet, also testified at trial. While he had no independent recollection of the accident, Deputy Millet reviewed the police report he authored, and testified that after viewing the scene and the skid marks left by the plaintiffs' vehicle, the point of impact as noted on his report was close to the center of Danny Park. Deputy Millet testified that the point of impact indicated that defendant had begun to make his right turn later than normal.
In its November 4, 1999 judgment, the trial court found that "[t]he accident investigation revealed that the point of impact was beyond the centerline of Danny Park, which indicates to the court that the defendant made a late turn. The investigating officer's testimony corroborates the plaintiffs' version of the accident." The trial court therefore found the plaintiffs' version of events more credible, and assigned the majority of fault to the defendant.
On appeal, defendants assert that pursuant to La. R.S. 32:81, the trial court erred in finding Gunnar Ekberg liable for the accident.
La. R.S. 32:81 requires a motorist not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic conditions. Chambers v. Graybiel, 25,840 (La.App. 2 Cir.6/22/94), 639 So.2d 361; writ denied, 94-1948 (La.10/28/94), 644 So.2d 377. When a following vehicle rear-ends a preceding automobile, the following driver is presumed at fault and must prove a lack of fault to avoid liability. He may do so by establishing that his vehicle was under control, that he closely observed the leading vehicle and followed at a safe distance under the circumstances. Id.
In this matter, as noted above, the trial testimony of the plaintiffs was that they were traveling at a safe speed and distance behind the defendant's vehicle when, without warning, defendant attempted a sudden, ill-advised maneuver. As also noted by the trial court, the plaintiffs' position that the defendant attempted to execute a late right turn was corroborated by the testimony of Deputy Millet. The trial court found that this testimony was sufficient to rebut the presumption that Clifford Spiller was solely at fault. However, while the trial court found that the plaintiffs' version of events was more credible than defendant's version, the trial court found that the plaintiffs did not entirely rebut the presumption of negligence, and assessed twenty percent liability against Clifford Spiller, finding that he was comparatively at fault for the accident.
Pursuant to Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985), the trier of fact will compare the relative fault of the parties in the assessment of liability. The law of comparative negligence is applicable to situations involving automobile accidents. Ortigo v. Merritt, 488 So.2d 1051 (La.App. 2 Cir.1986). The allocation of fault is a factual determination subject to the manifest error rule. Hundley v. Harper Truck Line, Inc., 28,613 (La.App. 2 Cir.9/25/96), 681 So.2d 46.
In the matter before us, there is a clear conflict in the testimony of the parties regarding how the accident occurred. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed on review, even though the reviewing court may feel its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989). The issue to be resolved by the reviewing court is not whether the factfinder was right or wrong, but whether its conclusion was a reasonable one. Stobart v. State, through DOTD, 617 So.2d 880 (La.1993). Further, when two permissible views of the evidence exist, the factfinder's choice between *229 them cannot be manifestly erroneous or clearly wrong. Id.
After a thorough review of the entire record, we cannot say that the trial court's findings were manifestly erroneous or clearly wrong. Accordingly, for the foregoing reasons, the November 4, 1999 judgment of the trial court is hereby affirmed.
AFFIRMED.