ROBERT A.-CHAISSON, Judge.
pin this writ application, relator, Alman-ette Mealey, seeks this Court’s supervisory review of the trial court’s judgment denying her motion for partial summary judgment on the' issue of liability. For the following réasons, we grant this writ application, reverse thé trial court’s denial of relator’s motion for partial summary judgment, grant relator’s motion for partial summary judgment, and remand- this matter to the trial court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

This case arises out of an automobile accident in which Ms. Mealey alleges that she was stopped at a red light when she was struck from the rear by a vehicle driven by Silvia' Lopez. After filing suit against Ms. Lopez and Her insurer, AN-PAC Louisiana Insurance Company, Ms. Mealey filed a motion for partial summary judgment on the issue of liability, arguing that there were no genuine | .¡issues of material fact and that Ms. Lopez was solely at fault in causing the accident. Defendants opposed Ms. Mealey’s motion for partial summary judgment, arguing that genuine issues of material fact existed as to whether this was a rear-end collision and whether Ms. Mealey negligently created a hazard that Ms. Lopez could not avoid. After a hearing, the trial court denied Ms. Mea-ley’s motion, finding that there were genuine issues of material fact as to whether the light was green or red at the time of *542 the collision, whether or not Ms. Mealey’s vehicle was at a stop at the time of the collision, and whether this was a rear-end collision such that Ms. Mealey is entitled to the benefit of a presumption that Ms. Lopez was at fault in causing the accident. Ms. Mealey thereafter filed a writ application seeking this Court’s review of the trial court’s denial of her motion for partial summary judgment.
By Order dated March 9, 2016, in compliance with Louisiana Code of Civil Procedure article 966(H), this Court:
1. assigned the writ application for argument--and/or submission .on this Court’s docket pursuant to Uniform Rules-Courts of Appeal, Rule 4-7;
2. allowed Ms, Mealey the opportunity to file any desired additional briefing as a supplement to,her writ applicar tion by a certain date;
3. allowed respondents the opportunity to file any desired additional briefing as a supplement to their opposition to the writ application by a certain date; and
4. allowed the parties the opportunity to request oral argument in writing by a certain date.
In response to said Order, Ms. Mealey timely requested oral argument which was duly granted.

LAW AND ANALYSIS

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Bell v. Parry, 10-369 (La. App. 5 Cir. 11/23/10), 61 So.3d 1, 2. The summary judgment procedure is |4favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 h A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Smith v. Our Lady of the Lake Hosp., 93-2612 (La.7/05/94), 639 So.2d 730, 750. An issue is genuine if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. Anny v. Babin, 12-164 (La.App. 5 Cir. 7/31/12), 99 So.3d 702, 705, writ denied, 12-1972 (La.12/14/12), 104 So.3d 441.
Appellate courts review a judgment granting or denying a motion for summary judgment de novo. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Breaux v. Fresh Start *543 Properties, L.L.C., 11-262 (La.App. 6 Cir. 11/29/11), 78 So.3d 849, 852.
Louisiana law provides that “the driver of a motor vehicle shall hot follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.” |BLa. R.S. 32:81. As such, in a rear-end collision, the following motorist is presumed negligent unless he proves lack of fault. Spiller v. Ekberg, 00-0130 (La.App. 5 Cir. 5/17/00), 762 So.2d 226, 228. When this presumption applies, to escape liability, the following motorist has the burden to prove that he had his vehicle under control, closely observed the lead vehicle and followed at a safe distance or that the lead vehicle negligently created a hazard which the following vehicle could not' reasonably avoid. Taylor v. Voigtlander, 36,-670 (La-App. 2 Cir. 12/11/02), 833 So.2d 1204, 1206.
In support of her argument that she is entitled to the rear-end collision presumption, Ms. Mealey submitted excerpts of the deposition testimony of both herself and Ms. Lopez, together with the damage estimate report from ANPAC for her vehicle. Both Ms. Mealey and Ms. Lopez testified by way of deposition that Ms. Mealey was stopped at a red light when Ms. Lopez rear-ended her vehicle. The ANPAC damage estimate' report was for damage to the rear of Ms. Mealey’s vehicle.
In opposition, defendants submitted a one-page unauthenticated narrative which they allege is part of the police report for this accident. Defendants contend that this narrative raises genuine issues of material fact as to-whether this was a rear-end collision and whether the traffic light had turned green prior to the impact. . •
Although the version of La. C.C.P. art. 966 m effect at’ the time of Ms. Mealey’s motion for partial summary judgment, unlike the current version, did not provide art exclusive list of the documents that may be filed in support of or in opposition to the motion, it did clearly contemplate that the supporting documents to be cortsidered in determining whether to- grant or deny the motion were the ^‘pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment.”'[2] In King v. Pontchartrain Mortg. Co., 13-633 (La.App. 5 Cir. 1/31/14), 134 So.3d 19, 22, this Court stated:
Articles 966 and 967 do not permit a party to utilize unsworn and unverified documents as summary judgment evidence. In meeting the burden of proof, unverified documents, such as letters or reports annexed to motioris for summary judgment are not self-proving and, therefore, will not be considered as competent summary judgment evidence.
A document that is not an affidavit or , sworn to in any way, or which is not certified or attached to an affidavit, is not of sufficient evidentiary quality to be given weight in determining whether there are remaining genuine issues of material fact. ■
This Court has previously held that under La. C.E. art. 803(8)(b)(I), police reports that consist of- hearsay, such as statements made by drivers arid witnesses, *544 are specifically excluded from being.admitted under any exception to the hearsay rule. Domingo v. State Farm Mut. Auto. Ins. Co., 10-264 (La.App. 5 Cir. 11/09/10), 54 So.3d 74. An unauthenticated police report, which is not sworn to, is not competent summary judgment evidence, and we therefore decline to consider it in our de novo review of this matter.
Furthermore, even were we to consider the one-page narrative, we do not find that it creates any.genuine issues of material fact regarding liability. Defendants argue that the police officer’s description of the damage to the vehicles — “[vjehicle # 1 sustained very minor damage to the front driver side and Vehicle # 2 sustained very minor damage to the rear passenger side” — suggests that this was not a rear-end collision, but rather a side-to-side impact. Considering the sworn deposition testimony of both Ms. Mealey and Ms. Lopez that this was a 17rear-end collision, the police officer’s statement in the narrative that this was a rear-end collision, the fact that Ms. Lopez was issued a citation for following too closely, and the ANPAC damage estimate for damages to the rear of Ms. Mealey’s vehicle, we "find that the officer’s description of the damage was an attempt to identify which side of the rear of Ms. Mealey’s vehicle was damaged and which side of the front of Ms. Lopez’s vehicle was damaged. Even if we were to accept defendants’ interpretation of the officer’s description of the damages as damage to the side of Ms. Mealey’s vehicle toward the rear and' damage to the side of Ms. Lopez’s vehicle toward the front, such damage would not negate the fact that this was a rear-end collision, and that Ms. Mea-ley is entitled to the rear-end collision presumption.
In an effort to overcome the rear-end collision presumption, or to raise issues of material fact as to possible contributory negligence on the part of Ms. Mealey, defendants argue that the traffic light had turned green prior to the impact, but that Ms. Mealey had failed to move forward, thus creating a hazard which Ms. Lopez could not reasonably avoid. In support of this argument, defendants again rely upon the unauthenticated narrative from the police report, which indicates that the light had turned green prior to the impact. As previously stated, an unauthenticated police report, which is not sworn to, is not competent summary judgment evidence, and we therefore decline to consider it in our, de novo review of this matter. The only- competent summary judgment evidence submitted indicates that both Ms. Mealey and Ms. Lopez testified by way of deposition that Ms. Mealey was stopped at a red light when Ms. Lopez rear-ended her vehicle.
Furthermore, even if we were to consider the unauthenticated narrative, disregard Ms. Lopez’s own deposition testimony, and find that there is a dispute as to the color of the light at the time of impact, we do not find that this creates a | ^genuine issue of material fact. A fact is material when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Our Lady of the Lake Hosp., 639 So.2d at 750. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of a legal dispute. Id.
La. R.S. 32:81 obligates an approaching motorist to observe what is before her and have due regard for the traffic upon the highway. As part of this obligation, a motorist travelling on a controlled roadway must necessarily anticipate that motorists on that roadway will stop at traffic control devices commanding them to do so, and must also anticipate that such a stopped vehicle, for any num *545 ber of reasons, may not necessarily immediately move forward when the traffic control device allows them to do so. In our opinion, the duty on the following motorist applies even if the lead motorist fails to immediately move forward when the traffic light turns green. Furthermore, in our opinion, under this particular factual scenario, the driver of a vehicle that fails to immediately move forward when the traffic light turns green does not negligently create a hazard which the following motorist cannot reasonably avoid with the exercise of due care, and is not contributorily negligent for an accident that results from a following motorist crashing her vehicle into the rear of the stopped motorist.
Ms. Lopez further attempts to avoid partial summary judgment on the issue of liability by arguing that she is entitled to the benefit of the “sudden emergency doctrine.” Under the sudden emergency doctrine, there is an exception to the general rule that a following motorist is presumed negligent if he collides with the rear of a leading vehicle. This doctrine provides that a following motorist will be adjudged free from fault if the following motorist is suddenly confronted with an unanticipated hazard created by a forward vehicle, which could not be reasonably 19avoided, unless the emergency is brought about by his oum negligence. Domingo, 54 So.3d at 80 (emphasis added); see also Hadley v. Doe, 626 So.2d 747 (La.App. 5th Cir.1993). The sudden emergency doctrine clearly contemplates a situation of sudden, imminent and unexpected peril that is not created by the person faced with it. The rule of sudden emergency cannot be invoked by one who has brought that emergency on himself by his own wrong or who has not used due care to avoid it. Dick v. Phillips, 253 La. 366, 218 So.2d 299 (1969).
In this case, Ms. Mealey’s vehicle was properly in the roadway stopped at a traffic control device. Even if the traffic light turned green and Ms. Mealey failed to immediately move forward, any emergency that was created, in our opinion, was not the result of Ms. Mealey’s actions, but rather was the result of Ms. Lopez’s failure to exercise due care. This is especially true where, as is the case here, Ms. Lopez stated that she observed Ms. Mea-ley’s vehicle stopped at the light, started to slow down for it, but nonetheless crashed her vehicle into the rear of Ms. Mealey’s vehicle. To the extent that Ms. Lopez was faced with any sort of emergency, it was one of her own creation by failing to stop for a preceding vehicle that she observed in the roadway. We find that no competent evidence was submitted to create a genuine issue of material fact regarding whether Ms. Lopez might be entitled to the benefit of the sudden emergency doctrine.
Having found that Ms. Mealey is entitled to the rear-end collision presumption, we further find that defendants have failed to submit any competent evidence that shows that they would be able to meet their burden of proof to escape liability, The fact that Ms. Lopez testified that she saw Ms. Mealey stopped at the red light, yet crashed into the back of her vehicle anyway, conclusively shows that Ms. Lopez did not have her vehicle under control and did not closely observe Ms. Mealey’s vehicle or follow her at a safe distance. Likewise, even if the light had | inturned green before the impact and Ms. Mealey failed to immediately move forward, such action did not negligently create a hazard that Ms. Lopez could not reasonably avoid. .

CONCLUSION

Upon de novo review, we conclude that there are no genuine issues of material *546 fact regarding the defendants’ liability for this accident, and that Ms. Mealey is entitled to partial summary judgment on the issue of liability as a matter of law. Therefore, for the foregoing reasons, this writ application is hereby granted, the trial court’s denial of Ms. Mealey’s motion for partial summary judgment on the issue of liability is hereby reversed, her motion for partial summary judgment on the issue of liability is hereby granted, and this matter is remanded to the trial court for further proceedings consistent with this opinion.
WRIT GRANTED: JUDGMENT REVERSED; MOTION FOR PARTIAL SUMMARY JUDGMENT GRANTED; MATTER REMANDED.

. Subsequent to[1] the filing of Ms. Mealey’s motion for partial summary judgment and the hearing thereon, the Louisiana Legislature's 20Í5 amendments to La. C.C.P, art, 966 became effective, providing that ",.. a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.” See La. C.C.P. art. 966(A)(3) (emphasis ours). The 2015 amendments further provide that “[t]he only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions.” See La. C.C.P, art. 966(A)(4).

. The version of La. C.C.P. art. 966 in effect at the time Ms. Mealey’s motion was filed provided: "A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that fhover is entitled to judgment as a matter of law.”