| VALERIE CANTRELLE | NO. 22-CA-272 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| WALLACE BRADY, ALLIED BUILDING PRODUCTS, AND TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 802-422, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

February 27, 2023

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and Hans J. Liljeberg

**REVERSED AND REMANDED**
    **RAC**
    **FHW**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
VALERIE CANTRELLE
    Nanak S. Rai

COUNSEL FOR DEFENDANT/APPELLEE,
WALLACE BRADY, ALLIED BUILDING PRODUCTS, AND TRAVELERS
PROPERTY CASUALTY COMPANY OF AMERICA
    Lee M. Peacocke
    Kelsey L. Haddow

**CHAISSON, J.**

In this personal injury case arising from an automobile accident, Valerie Cantrelle appeals a March 30, 2022 judgment of the trial court that granted defendants' motion for summary judgment and dismissed Ms. Cantrelle's claims with prejudice. For the following reasons, we reverse the judgment of the trial court and remand this matter.

**BACKGROUND**

On December 17, 2019, Ms. Cantrelle filed suit against Wallace Brady, his employer, Allied Building Products, and their insurance company, Travelers Property Casualty Insurance Company ("Travelers"). In her petition for damages, she alleges that on December 17, 2018, at approximately 2:00 p.m., she was driving her 2015 Chevrolet Cruze in a westerly direction on Interstate 10 near the Causeway Boulevard exit when suddenly and without warning her vehicle was struck on the rear passenger side by a 2018 Freightliner 7400 18-wheeler driven by Wallace Brady.

Mr. Brady and Travelers filed an answer to the petition denying all of the allegations. While discovery in the case was still ongoing and before any trial date had been set, Mr. Brady and Travelers filed a motion for summary judgment wherein they argued that summary judgment should be granted in their favor because Ms. Cantrelle has no "admissible" evidence to support her claims. In support of their motion, they attached Ms. Cantrelle's petition for damages, her answers to interrogatories, and a selected excerpt of her deposition wherein she stated that she did not see the vehicle hit her on the right passenger side before she felt the impact and lost control of her vehicle.

Ms. Cantrelle filed an initial opposition to the motion for summary judgment, but did not include any evidence with the memorandum accompanying her opposition. In response to defendants' reply to her opposition, Ms. Cantrelle

subsequently filed, on March 29, 2022, the day before the hearing on the summary judgment motion, an additional opposition that included her answers to interrogatories, her complete deposition, and an affidavit from an eyewitness to the accident.

At the March 30, 2022 hearing on the motion, the trial court declined to consider the evidence attached to Ms. Cantrelle's untimely filed second opposition memorandum pursuant to La. C.C.P. art. 966. Following the hearing, the trial court rendered a judgment in favor of Mr. Brady and Travelers that granted their motion for summary judgment, dismissed Ms. Cantrelle's claims against them with prejudice, and certified the judgment as final pursuant to La. C.C.P. art. 1915(B).

On appeal, Ms. Cantrelle argues that the trial court erred as a matter of law in failing to admit an affidavit from an eyewitness and in granting the motion for summary judgment when issues of material fact exist, with or without an affidavit.

**DISCUSSION**

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *In re Succession of O'Krepki*, 16-50 (La. App. 5 Cir. 5/26/16), 193 So.3d 574, 577, *writ denied*, 16-1202 (La. 10/10/16), 207 So.3d 406. A motion for summary judgment should be granted if, after an adequate opportunity for discovery, the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of the lawsuit. *Mealey v. Lopez*, 16-77 (La. App. 5 Cir. 5/26/16), 193 So.3d 539, 542.

Ms. Cantrelle argues that the trial court erred in declining to consider the affidavit of the eyewitness to the accident attached to her second opposition to

defendants' motion for summary judgment. The deadlines for filing an opposition to a motion for summary judgment and documents in support of the opposition are mandated by La. C.C.P. art. 966(B)(2), which provides in pertinent part:

> B. Unless extended by the court and agreed by all of the parties, a motion for summary judgment shall be filed, opposed, or replied to in accordance with the following provisions:
>
> (2) Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion.

As the Louisiana Supreme Court recently noted, this language mandates compliance without regard to cause or prejudice. *Auricchio v. Harriston*, 20-1167 (La. 10/10/21), 332 So.3d 660, 663. Because Ms. Cantrelle filed her second opposition one day before the hearing on the motion for summary judgment, well outside the deadline mandated in La. C.C.P. art. 966(B)(2), we find no error in the trial court's decision to not consider the second opposition or any of the exhibits attached thereto. This assignment of error is without merit.

Next, Ms. Cantrelle argues that the trial court erred in finding no genuine issues of material fact, despite the allegations raised in her petition, her answers to interrogatories, and her excerpted deposition testimony included by defendants in their motion for summary judgment.

La. C.C.P. art. 966(D)(1) provides:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Pursuant to this section, the mover on a motion for summary judgment has the initial burden of pointing out the absence of factual support for one or more

elements essential to the adverse party's claim. The failure to file an opposition or to file opposing affidavits or other evidence does not automatically entitle the moving party to summary judgment. *Auricchio v. Harriston*, 332 So.3d at 664, fn 2; *Sharp v. Harrell*, 99-737 (La. App. 1 Cir. 5/12/00), 762 So.2d 1119, 1121, *writ denied*, 00-2458 (La. 11/3/00), 773 So.2d 150. It is only after the moving party has shown that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law that the burden shifts to the party opposing the motion to come forward with specific facts establishing the existence of a genuine issue for trial. *Id.* Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion for summary judgment, and all doubt must be resolved in the opponent's favor. *Prince v. Rouse's Enterprises, L.L.C.*, 20-150 (La. App. 5 Cir. 12/2/20), 305 So.3d 1078, 1081.

In the petition for damages attached by Mr. Brady and Travelers to their motion for summary judgment, Ms. Cantrelle makes the claim that she was driving along the highway when "suddenly, and without warning her vehicle was struck on the passenger side rear, by a 2018 Freightliner 7400 18-wheeler, being driven by Wallace Brady." Included in their Statement of Uncontested Material Facts attached to their motion for summary judgment, defendants state that "[p]laintiff lost control of her vehicle after hearing a loud boom while passing 'an 18 wheeler truck, with a forklift attached to the back of the truck'" and "[p]laintiff did not see the vehicle that allegedly struck her vehicle and caused her to lose control of her vehicle." Consequently, defendants argue in their memorandum in support of their motion for summary judgment that "[p]laintiff has no admissible evidence to support her contention that she lost control of her vehicle because of any actionable conduct attributable to Wallace Brady."

While defendants' recitation that Ms. Cantrelle reported that she lost control of her vehicle after hearing a loud boom is accurate, we disagree with defendants' characterization of Ms. Cantrelle's deposition testimony regarding whether she saw "the vehicle" that initially struck her vehicle and caused her to lose control. Specifically, the excerpt of Ms. Cantrelle's deposition referred to by defendants in support of this uncontested fact is as follows:

Q. Jumping back to, again, right when the accident happened - - okay - - and that first impact that you felt to the rear passenger side, did you see the white car hit you?

A. No.

Q. Did you see anybody hit you?

A. No.

Q. You just felt an impact?

A. Correct.

Clearly, Ms. Cantrelle was being questioned as to whether she observed the initial impact, not whether she had ever seen *the vehicle* that she maintains initially struck her vehicle. On that point, Ms. Cantrelle has consistently maintained that it was the eighteen wheeler driven by Mr. Brady that initially struck her vehicle causing her to lose control. In her answers to interrogatories, attached by defendants in support of their motion for summary judgment, Ms. Cantrelle states that "the forklift attached to the eighteen wheeler struck the passenger side rear of plaintiff's vehicle."

Although Ms. Cantrelle readily admitted that she did not see the moment of impact when she maintains the eighteen wheeler initially struck her, she testified in her deposition, the portions of which are included in the excerpts that defendants attached to their motion for summary judgment, to circumstances surrounding the

accident that lead her to believe that it was the eighteen wheeler that initially struck her. Specifically, Ms. Cantrelle testified:

> As I was driving, I noticed there was a large 18-wheeler on the right-hand side of me on the interstate. Within minutes of being on the side of him, I felt a large hit on the back passenger side of my car. Soon after that hit or that force, I went straight onto this 18-wheeler, and I lost control of my car.

And when questioned as to the exact place on the right passenger side of her vehicle the initial point of impact occurred, Ms. Cantrelle testified "near the back tire." Thus, it is from the circumstances regarding the relative locations of Ms. Cantrelle's vehicle and the eighteen wheeler at the moment of impact, together with the place on her vehicle where the initial impact occurred, from which Ms. Cantrelle concludes that it was the eighteen wheeler, or some part thereof, that made the initial impact with her vehicle, causing her to lose control.

In addition to this circumstantial evidence, in both her answers to interrogatories and in her deposition testimony, Ms. Cantrelle identified "Jeff Brown" as an eyewitness to this accident and stated that he gave a statement to State Farm Insurance Company.[1] Having determined that the trial court was correct not to consider the late-filed affidavit of Mr. Brown, we likewise are unable to consider the substance of Mr. Brown's statement in his affidavit. However, we note that the last question in the portion of Ms. Cantrelle's deposition that defendants chose to attach to their motion for summary judgment was "[w]hat did Jeff tell you about the accident? Like, when you talked to him, what did he say?"

For the same reason that we are unable to consider the late-filed affidavit of Mr. Brown, we are also unable to consider the late-filed deposition in its entirety of Ms. Cantrelle, which presumably contains her response to the question of what Mr.

---

[1] Because the testimony of an eyewitness is generally admissible, we surmise that defendants' statement in their memorandum that "[p]laintiff has no *admissible* evidence to support her contention that she lost control of her vehicle because of any actionable conduct attributable to Wallace Brady," (emphasis added) was anticipatory that Ms. Cantrelle would be unable to produce competent summary judgment evidence in the form of an affidavit from Mr. Brown in order to defeat the motion for summary judgment.

Brown told her about the accident. However, from the facts that Ms. Cantrelle has maintained and testified to that Mr. Brady caused this accident, that she offered Mr. Brown as an eyewitness in support of her position, and that defendants chose not to include Ms. Cantrelle's sworn response to the question of what Mr. Brown told her about the accident, we infer that, at a minimum, Ms. Cantrelle's interpretation of Mr. Brown's observations are not favorable to defendants.

Circumstantial evidence may be used to defeat a motion for summary judgment. *Tomlinson v. Landmark Am. Ins. Co.*, 15-276 (La. App. 4 Cir. 3/23/16), 192 So.3d 153, 159 (citing *Wood v. Becnel*, 02-1730 (La. App. 4 Cir. 2/26/03), 840 So2d 1225, 1227 (citing *Lyons v. Airdyne Lafayette, Inc.*, 563 So.2d 260 (La. 1990)). Furthermore, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion for summary judgment, and all doubt must be resolved in the opponent's favor. *Prince v. Rouse's Enterprises, L.L.C.*, *supra*. Because a reasonable trier-of-fact could conclude from this evidence that Mr. Brady's eighteen wheeler made initial contact with Ms. Cantrelle's vehicle, we find that this evidence alone, although circumstantial, is sufficient to create a genuine issue of material fact as to who was at fault in causing this accident.

As stated previously, the initial burden on a motion for summary judgment lies with the mover to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). Upon our *de novo* review of the evidence submitted by defendants as part of their motion for summary judgment, we find that defendants failed to meet their initial burden of pointing out an absence of factual support for Ms. Cantrelle's claims. The evidence submitted by defendants in their motion for summary judgment reveal that there are genuine issues of material fact as to whether Mr. Brady was at fault in causing this accident. Accordingly, the burden

of proof never shifted to Ms. Cantrelle to provide evidence to defeat the motion for summary judgment.

**DECREE**

We conclude that genuine issues of material fact remain and defendants are not entitled to summary judgment as a matter of law at this time. We therefore reverse the March 30, 2022 judgment of the trial court and remand this matter for proceedings consistent with this opinion.

**<u>REVERSED AND REMANDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **FEBRUARY 27, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-272

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
NANAK S. RAI (APPELLANT)          LEE M. PEACOCKE (APPELLEE)

**MAILED**
KELSEY L. HADDOW (APPELLEE)
ATTORNEY AT LAW
400 POYDRAS STREET
SUITE 1300
NEW ORLEANS, LA 70130