# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 25-405

**BOBBY KIRKLIN AND SUSIE KIRKLIN**

**VERSUS**

**WILLIAM ANGLIN, ET AL.**

**CONSOLIDATED WITH**

**25-406**

**DENNIS KIRKLIN**

**VERSUS**

**BROTHERHOOD MUTUAL INSURANCE COMPANY, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

ON APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 268,301-C AND 268,557-F
HONORABLE MARY L. DOGGETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Van H. Kyzar, Candyce G. Perret, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Bradley J. Egenberg**
**Ben Berman**
**Daniel Levy**
**Egenberg APLC**
**650 Poydras Street, 20th Floor**
**New Orleans, Louisiana  70130**
**(504) 229-5700**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Dennis Kirklin**


**Andrew T. Lilly**
**Lilly PLLC**
**4907 Magazine Street**
**New Orleans, Louisiana  70115**
**(504) 812-6388**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Dennis Kirklin**


**Michael J. Remondet, Jr.**
**Sarah E. Lemoine**
**Jeansonne & Remondet**
**Post Office Box 91530**
**Lafayette, Louisiana 70509**
**(337) 237-4370**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Brotherhood Mutual Insurance Company**
    **and Louisiana College**


**Paul M. Lafleur**
**Stafford, Stewart & Potter**
**3112 Jackson Street**
**Alexandria, Louisiana 71301**
**(318) 487-4910**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **State Farm Mutual Insurance Company,**
    **William Anglin, and Louisiana College**

**PERRY, Judge.**

The plaintiff appeals unfavorable interlocutory rulings and a final judgment memorializing an adverse jury verdict. The defendants answered the appeal, alleging the appeal was filed to cause unnecessary delay and expense, and seeking damages for a frivolous appeal. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from a rear-end motor vehicle collision between Plaintiff, Dennis Kirklin ("Mr. Kirklin") and Defendant, William M. Anglin ("Mr. Anglin"). Shortly after noon on September 19, 2019, Mr. Kirklin was driving a 2006 Ford Escape in the left, northbound lane of U.S. Highway 71, also known as North MacArthur Drive, in Alexandria, Louisiana. At the same time, Mr. Anglin was driving a 2015 Dodge Ram truck in the same lane and direction, trailing a vehicle driven by Tony Jones. After the vehicle being driven by Tony Jones veered into the right lane, Mr. Anglin crashed into the vehicle being driven by Mr. Kirklin.

Mr. Kirklin sued Mr. Anglin; his employer, Louisiana College; Brotherhood Mutual Insurance Company ("Brotherhood"), Louisiana College's insurer;[1] and State Farm Mutual Automobile Insurance Company ("State Farm"), Mr. Anglin's insurer. On November 29, 2021, Mr. Kirklin's suit, in docket number 268,557, was consolidated with the suit filed by Bobby Kirklin (the passenger in Mr. Kirklin's vehicle) and Susie Kirklin, in docket number 268,301. However, all claims of Bobby Kirklin and Susie Kirklin were dismissed prior to trial.

---

[1] On that day, Mr. Anglin was acting in the course and scope of his employment at Louisiana College, and Brotherhood issued a policy of automobile insurance to Louisiana College.

Mr. Kirklin filed a motion for partial summary judgment, asserting entitlement to the legal presumption of negligence on the part of Mr. Anglin, as the following driver in a rear-end collision, pursuant to La.R.S. 32:81(A). Mr. Kirklin sought a judgment declaring that the sole and exclusive liability and fault in causing this accident lay with Mr. Anglin.

A cross-motion for summary judgment was filed by Mr. Anglin, asserting Mr. Kirklin created a sudden emergency by either being completely stopped or traveling below six miles per hour on a highway. Mr. Anglin sought dismissal of Mr. Kirklin's claims.

Following a hearing, the trial court denied the parties' cross motions. Judgment on these motions was signed on November 22, 2024.

Mr. Kirklin sought supervisory writs on this matter to this court. He asked the court to grant his motion for partial summary judgment, finding Mr. Anglin liable for causing this accident. This court denied the writ application on December 6, 2024. *Kirklin v. Anglin*, 24-660 (La.App. 3 Cir. 12/6/24) (unpublished writ denial).

The case proceeded to trial before a jury on December 10, 2024, through December 12, 2024. After deliberating, the jury found that Mr. Anglin was not "negligent in the operation of his vehicle immediately preceding the September 19, 2019 collision[.]" Judgment adopting the jury's verdict was signed on January 9, 2025.

Mr. Kirklin appealed, seeking reversal of the judgment adopting the jury's verdict, as well as interlocutory pre-trial rulings of the trial court. Mr. Kirklin's motion for appeal specified the interlocutory rulings as the November 22, 2024 judgment denying his motion for partial summary judgment; and the pre-trial

denials of a Motion in Limine to Limit or Exclude the Testimony of Jeremy C. Hoffpauir, an Omnibus Motion in Limine, and a Motion in Limine to Limit the Testimony of Dr. James C. Butler.[2]

Mr. Anglin answered the appeal. Therein, he alleges the meritless appeal was filed to cause unnecessary delay and expense.

## ASSIGNMENTS OF ERROR

Mr. Kirklin assigns three errors (footnotes omitted):

1. The district court committed legal error by denying Kirklin's *Motion for Partial Summary Judgment on the Issue of Liability*.

2. The district court committed legal error by denying Kirklin's *Omnibus Motion in Limine* regarding the unpled "sudden emergency doctrine" affirmative defense.

3. The jury's verdict was contrary to the law and the evidence.

In answer to Mr. Kirklin's appeal, Mr. Anglin seeks damages pursuant to La.Code Civ.P. art. 2164 for what he deems to be a frivolous appeal.

## APPELLANT'S ARGUMENTS

Mr. Kirklin argues the sudden emergency doctrine is an unavailable defense to Mr. Anglin because it is an affirmative defense which was waived because it was not set forth in Mr. Anglin's answer. He contends this court should conduct a de novo review because the jury was erroneously allowed to consider the waived sudden emergency defense, and because the jury failed to presume Mr. Anglin's negligence.

## APPELLEE'S POSITION

Mr. Anglin argues the sudden emergency doctrine is not an affirmative defense that must be pleaded, and even if it were, it was sufficiently pleaded.

---

[2] The motions in limine were denied on December 10, 2024, before the jury trial began.

Further, he alleges the evidence proves Mr. Kirklin violated the duties imposed by La.R.S. 32:141(B) and La.R.S. 32:64(B); thus, not only was Mr. Kirklin's motion for partial summary judgment correctly denied, but the evidence at trial provided a reasonable factual basis for the jury's finding that Mr. Kirklin created a sudden emergency which Mr. Anglin could not avoid. In answering Mr. Kirklin's appeal, Mr. Anglin seeks damages on the basis the appeal is frivolous because it was designed to cause unnecessary delay and expense.

## LAW AND DISCUSSION

*Interlocutory Rulings*

In his first assignment or error, Mr. Kirklin argues the trial court erred in denying his motion for summary judgment. We observe that this court previously denied supervisory writs on this issue. Still, "[a] denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and it does not bar consideration of the issue denied supervisory review when trial on the merits is had[,] and an appeal is taken from a final judgment." *Levine v. First Nat'l Bank of Commerce*, 06-394, p. 6 (La. 12/15/06), 948 So.2d 1051, 1057 n.4.

Before we proceed further, we must address the contention raised in Mr. Kirklin's second assignment of error concerning Mr. Anglin's reliance on the sudden emergency doctrine as a defense to Mr. Kirklin's claims. Mr. Kirklin argues the sudden emergency doctrine is an affirmative defense which was waived because it was not pled in Mr. Anglin's responsive pleadings. He further contends

4

the trial court legally erred in denying his pre-trial motion in limine which contained this objection; therefore, this court should conduct a de novo review.[3]

Mr. Anglin contends the sudden emergency doctrine is not an affirmative defense that must be pleaded. Yet, if it was, Mr. Anglin claims it was sufficiently pleaded. We agree.

Louisiana Code Civil Procedure Article 1005 requires that an "answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, and any other matter constituting an affirmative defense." This court has unequivocally stated, "the sudden emergency doctrine is not an affirmative defense which must be specifically pleaded in the defendant's answer." *McCann v. State Farm Mut. Auto. Ins. Co.*, 483 So.2d 205, 211 (La.App. 3 Cir.), *writ denied*, 486 So.2d 734 (La.1986). Mr. Kirklin's contention is further undermined by Brotherhood's answer, which in paragraph 17, states, "the alleged accident and alleged resulting damages were caused by an unavoidable accident, by a fortuitous event or by the fault of a third person or persons[] or caused through the fault of no one for which this defendant can be held liable." Also, the respective answers filed by Mr. Anglin, State Farm, and Louisiana College each declare:

> Defendant[s] show that if this court finds that the action or inaction of any other person or entity, whether a party to this action or not, contributed to the alleged incident, then any liability of Defendants, which is specifically denied, should be proportionately reduced by the percentage of negligence attributable to said party or non-party in accordance with the principles of comparative negligence.

---

[3] An appellate court reviews a trial court's judgment on a motion in limine under an abuse of discretion standard. *Hatch v. Watkins*, 24-42 (La.App. 3 Cir. 11/6/24), 411 So.3d 710, *writ denied*, 25-147 (La. 4/15/25), 406 So.3d 422.

Thus, Mr. Kirklin's second assignment of error is without merit.

We now return to Mr. Kirklin's assertion that the trial court erred in denying his motion for summary judgment. Despite this being an appeal after a jury trial on the merits,[4] Mr. Kirklin asserts the summary judgment denial should be reviewed de novo.[5] In his appellate brief, Mr. Kirklin claims:

> [T]he trial record in this case isn't preferable to the summary judgment record in that the evidence was replaced by trial testimony the jury heard. The key facts remain undisputed, but the defense expert, Jeremy Hoffpauir, P.E., ACTAR (professional engineer and accident reconstructionist) didn't testify. Because the summary judgment record is in this sense more complete, with Hoffpauir's sworn deposition testimony, the basis for reviewing the ruling for manifest error is not present, and the summary judgment denial should be reviewed *de novo*.

Yet, the Louisiana Supreme Court in *Hopkins v. American Cyanamid Co.*, 95-1088 (La. 1/16/96), 666 So.2d 615, clarified that an appellate court should not restrict its fact review to affidavits and pleadings in support of the motion for summary judgment where the denial of the motion is appealed after the matter has been fully tried. In so ruling, the supreme court explained:

> [O]nce a case is fully tried, the affidavits and other limited evidence presented with a motion for summary judgment—later denied by the district court—are of little or no value. Appellate courts should not rule on appeal after a full merits trial on the strength alone of affidavits in support of a motion for summary judgment that was not sustained in the district court. In such cases, appellate courts should review the entire record.

*Id*. at 624.

Consequently, while the issue raised by Mr. Kirklin in his motion for summary judgment is properly before us in this appeal, the limited evidence before

---

[4] An appellate court may not set aside a trial court's or jury's factual findings in the absence of manifest error. *Menard v. Lafayette Ins. Co.*, 09-1869 (La. 3/16/10), 31 So.3d 996.

[5] Appellate courts review motions for summary judgment using a de novo standard, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Planchard v. New Hotel Monteleone, LLC*, 21-347 (La. 12/10/21), 332 So.3d 623.

6

the trial court at the time of its pre-trial ruling denying the motion and the de novo standard of review for summary judgment are no longer applicable. Whether the presumption of negligence applies to Mr. Anglin must be considered by this court after review of the entire record. *See Arceneaux v. Arceneaux*, 22-814 (La.App. 1 Cir. 4/3/23), 364 So.3d 529, *writ denied*, 23-641 (La. 9/6/23), 369 So.3d 1271.

Mr. Kirklin argues that the evidence shows Mr. Anglin was driving behind another motorist, Tony Jones, who was able to avoid rear-ending Mr. Kirklin's vehicle; and Mr. Anglin's own accident reconstructionist expert, Jeremy C. Hoffpauir, opined that Mr. Anglin was following Tony Jones so closely that he could not have avoided hitting Mr. Kirklin. According to Mr. Kirklin, the logic applied in *Leblanc v. Bouzon*, 14-1041 (La.App. 3 Cir. 3/4/15), 159 So.3d 1144, requires the finding that the sudden emergency doctrine is not applicable to the facts of this case and that Mr. Anglin cannot overcome the presumption of negligence for a rear-ending driver. We disagree.

In *Leblanc*, a three-vehicle, rear-end collision occurred near an intersection in congested, stop-and-go traffic on Johnston Street in Lafayette, Louisiana. The lead vehicle ("Leblanc") stopped, the middle vehicle ("Norris") was able to stop and, at least initially, avoided a collision with the lead vehicle, until the following vehicle ("Bouzon") failed to stop. Bouzon "rear-ended Norris's vehicle, pushing it into the rear of Leblanc's vehicle. Bouzon was issued a citation for careless operation." *Id*. at 1145. Leblanc sued both Norris and Bouzon for negligence. Norris—the middle driver—sought summary judgment on her liability, arguing Bouzon was presumptively at fault as the following motorist and had failed to rebut that presumption. The trial court granted Norris's motion. Leblanc—the lead driver—appealed, contending genuine issues of material fact existed as to whether

7

"some of the fault attributed to Bouzon may be transferred to Norris." *Id*. at 1147. This court affirmed Norris's summary judgment dismissal, relying on *Ebarb v. Matlock*, 46,243, p. 8 (La.App. 2 Cir. 5/18/11), 69 So.3d 516, 521, *writ denied*, 11-1272 (La. 9/23/11), 69 So.3d 1164, which held, "'where other vehicles are able to stop behind the lead vehicle, the driver of the last vehicle that precipitates the chain reaction collision is negligent.'" *Leblanc*, 159 So.3d at 1147–48. This court further held "Bouzon [(the following driver)] cannot escape liability by invoking the sudden emergency doctrine[]" because "Leblanc and Norris stopped their vehicles and avoided a collision despite the heavy traffic." *Id*. at 1149.

We do not find *Leblanc* to be instructive to the instant case. This matter does not involve a chain reaction, three-vehicle collision and a motion for summary judgment questioning the liability of the middle driver. This matter involves a two-vehicle, rear-end collision in the left lane of a highway, and a motion for summary judgment filed by the driver of the lead vehicle against the driver of the following vehicle. Further, the opposition to the summary judgment alleges that the evidence reveals the driver of the lead vehicle created a hazard which the following motorist could not reasonably avoid. In light of our decision that Mr. Anglin was not barred from invoking the sudden emergency doctrine in defense of Mr. Kirklin's claims, our review of the entire record reveals that summary judgment was not appropriate on this issue. Thus, Mr. Kirklin's first assignment of error is without merit.

*Final Judgment*

Mr. Kirklin's final assignment of error challenges the judgment adopting the jury's verdict. Contending that the jury's verdict is contrary to the law and evidence, Mr. Kirklin argues the jury erred in finding Mr. Anglin was not negligent.

8

Conversely, Mr. Anglin contends the record reveals the jury's verdict was not manifestly erroneous. He asserts that the jury's finding he was not negligent was reasonable given that the jury was presented with evidence that Mr. Kirklin was either completely stopped or was traveling below six miles per hour on a highway, and no evidence showed Mr. Anglin was speeding, distracted, following too closely, or was inattentive.

Appellate courts should not disturb factual findings absent manifest error. *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978). The supreme court set forth a two-part test for the appellate court's review of facts in *Mart v. Hill*, 505 So.2d 1120, 1127 (La.1987): "'1) The appellate court must find from the record that there is a reasonable factual basis for the finding of the trial court, and 2) The appellate court must further determine that the record establishes that the finding is not clearly wrong (manifestly erroneous).'" The two-part test in *Mart* "dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. [*Mart*, 505 So.2d 1120.] The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous." *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880, 882 (La.1991). Even when a reviewing court feels "its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony." *Id.* (citing *Rosell v. ESCO*, 549 So.2d 840 (La.1989); *Arceneaux*, 365 So.2d 1330).

The supreme court has emphasized that "[i]f the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal must not reverse, even if convinced that had it been sitting as the trier of fact, it

would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990). So, where two permissive views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. *Rosell*, 549 So.2d 840. Further, when findings are based on determinations regarding credibility of witnesses, the manifest error, or clearly wrong, standard demands great deference to the trier of fact's findings. *Id.*

In support of his arguments, Mr. Kirklin invokes the presumption established by La.R.S. 32:81(A) that a following motorist in a rear-end collision has breached the duty not to follow too closely. Specifically, La.R.S. 32:81(A) provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." Generally, the following driver in a rear-end collision is presumed to have breached the standard of care set out in La.R.S. 32:81 and is presumed negligent. *Mart*, 505 So.2d 1120. However, the following driver "may free himself of liability by proving that he maintained a proper lookout." *Boudreaux v. Wimberley*, 02-1064, p. 6 (La.App. 3 Cir. 4/2/03), 843 So.2d 519, 523, *writ denied*, 03-1251 (La. 9/5/03), 852 So.2d 1037.

Mr. Kirklin alleges Mr. Anglin was following Tony Jones too closely. He points to the testimony of Julee Cole, the passenger in the middle vehicle being driven by Tony Jones. Julee Cole testified that after Tony Jones changed lanes to avoid Mr. Kirklin, Mr. Anglin rear ended Mr. Kirklin "right away[.]" Thus, Mr. Kirklin argues that had Mr. Anglin not been following Tony Jones too closely, he would have been able to see and avoid an emergency situation.

Mr. Anglin contends the evidence presented refuted any presumption of negligence; thus, the burden shifted back to Mr. Kirklin to prove Mr. Anglin was

negligent. He asserts that his undisputed testimony, as well as that of Tony Jones and David Barczyk, Mr. Kirklin's accident reconstruction expert, confirmed that this accident was unavoidable and caused by a sudden emergency created by Mr. Kirklin.

Mr. Anglin argues the record provides a reasonable basis for the jury's verdict that he did not cause the rear-end collision. He asserts the jury clearly accepted the evidence that Mr. Kirklin violated the duty imposed in La.R.S. 32:141(B), to remove a disabled vehicle from the highway and to protect traffic until able to do so, and the duty imposed in La.R.S. 32:64(B), which prohibits motorists from driving at an unreasonably slow speed on highways, except when a special hazard exists. He argues the record establishes that Mr. Kirklin created an obstruction, which is negligence in itself. *Fairbanks v. Travelers Ins. Co.*, 232 So.2d 323 (La.App. 2 Cir. 1970). Mr. Anglin further alleges there is no evidence that he was speeding, distracted, following too closely, or driving in a manner other than what would be expected of a normal, attentive driver.

To escape the presumption of liability applicable in a rear-end collision, the following motorist must "prove that he had his vehicle under control, closely observed the lead vehicle and followed at a safe distance or that the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid." *Mealey v. Lopez*, 16-77, p. 5 (La.App. 5 Cir. 5/26/16), 193 So.3d 539, 543. *See also Carmouche v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 23-367 (La.App. 3 Cir. 2/7/24), 380 So.3d 214, *writ denied*, 24-321 (La. 4/30/24), 383 So.3d 927.

In *Hickman v. Southern Pacific Transport Co.*, 262 La. 102, 112–13, 262 So.2d 385, 389 (1972), the supreme court explained the sudden emergency doctrine as:

> One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.

Mr. Kirklin testified that while he thought his vehicle was moving at the time of the accident, he could not remember how fast he was going. In fact, Mr. Kirklin's memory was so impaired that he had no recollection of whether he was stopped in the northbound travel lane. He also conceded it was possible his vehicle may have experienced mechanical failure, causing it to stop dead in the road.

Bobby Kirklin, the passenger in Mr. Kirklin's vehicle, also had significant memory impairment. He, likewise, conceded it was possible the vehicle had stalled.

Sergeant Blake L. Butler ("Sergeant Butler"), of the Alexandria Police Department, who arrived at the accident scene shortly after it happened, confirmed that the speed limit where the accident occurred was sixty miles per hour. According to Sergeant Butler, he found Mr. Kirklin's vehicle in park, and none of the witnesses at the scene recalled putting the vehicle in park. Sergeant Butler also concluded that Mr. Kirklin was stopped in the left travel lane at the time of impact, that Tony Jones made a sudden change from the left travel lane to the right travel lane to avoid the accident, which left Mr. Anglin facing a hazard. Sergeant Butler testified no citation was issued to Mr. Anglin because there was no evidence that Mr. Anglin was distracted, speeding, or following too closely.

Tony Jones testified the accident occurred on a clear, dry day, at the top of the overpass on MacArthur Drive. He recalled driving approximately fifty to fifty-five miles per hour when he quickly came upon Mr. Kirklin's vehicle, which he described as being "dead still" in the left lane with no hazard lights flashing. Tony Jones recalled barely having enough time to avoid a collision.

Mr. Anglin testified he followed Tony Jones at an appropriate distance when he noticed "the person in front of me dramatically swerved to the right to try to avoid something. That brought my attention to it." Though Mr. Anglin slammed on his brakes and steered to the right, his vehicle crashed into the rear of Mr. Kirklin's vehicle, causing it to flip. Mr. Anglin testified that at the time of the collision, there was no traffic ahead, or to the right of, Mr. Kirklin's vehicle.

After reviewing the record, we find Mr. Kirklin failed to prove by a preponderance of the evidence that Mr. Anglin was at fault in causing the accident. The evidence is sufficient to provide a reasonable factual basis for the jury's finding that Mr. Anglin was not negligent.

*Answer to Appeal*

Finally, Mr. Anglin has filed an answer to the appeal, seeking damages for frivolous appeal. Claiming that no serious legal or factual grounds exist, Mr. Anglin argues that Mr. Kirklin's appeal was designed to cause unnecessary delay and expense.

Louisiana Code of Civil Procedure Article 2164 governs an award for pursuing a frivolous appeal as follows:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part

thereof, against any party to the suit, as in its judgment may be considered equitable.

*See also* Uniform Rules—Courts of Appeal, Rule 2–19, ("The court may award damages for a frivolous appeal in civil cases as provided by law.").

The provisions of La.Code Civ.P. art. 2164 are penal in nature; they must be strictly construed. *Hunter v. Lafayette Consol. Gov't*, 15-401 (La.App. 3 Cir. 11/4/15), 177 So.3d 815. Mindful of that construction as well as the principle that appeals are favored, appellate courts are reluctant to impose such damages. Though we have found Mr. Kirklin's appeal meritless, we do not find his appeal was taken to cause unnecessary delay or expense. Thus, we decline to award damages for frivolous appeal.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Plaintiff, Dennis Kirklin.

**AFFIRMED.**